# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL F. HO** <br> In his capacity as President and Owner of the <br> University of Northern Virginia <br> 10021 Ballsford Road <br> Manassas, Virginia 20109, <br><br> **ROY HO** <br> In his capacity as Secretary of the <br> University of Northern Virginia <br> 10021 Ballsford Road <br> Manassas, Virginia 20109, <br><br><br> **UNIVERSITY OF NORTHERN VIRGINIA, INC.** <br> 10021 Ballsford Road <br> Manassas, Virginia 20109, <br><br> **and** <br><br> **EDUCATION DYNAMICS, INC.** <br> 9730 Leesburg Pike <br> Great Falls, Virginia 22066 <br><br>                                     **Plaintiffs,** <br><br>                                     **v.** <br><br> **STUDENT AND EXCHANGE VISITOR PROGRAM,** <br> 425 I Street, N.W. <br> Washington, D.C. 20536, <br><br> **IMMIGRATION AND CUSTOMS ENFORCEMENT,** <br> 425 I Street, N.W. <br> Washington, D.C. 20536, <br><br> **and** <br><br> **DEPARTMENT OF HOMELAND SECURITY,** <br> Washington, D.C. 20528 <br><br>                                     **Defendants.** | **Civil Action No. \_\_\_\_\_** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. Plaintiffs Daniel F. Ho, Roy Ho, the University of Northern Virginia, Inc. ("UNVA"), and Education Dynamics, Inc. ("EDI") seek declaratory and injunctive relief from decisions by the Student and Exchange Visitor Program ("SEVP") that removed Roy Ho from the role of Principal Designated School Official ("PDSO") for UNVA. SEVP's decisions violated its own regulations, deprived Roy Ho of the right to due process and have caused and continue to cause irreparable damage to UNVA, its students and owners. As such, they were arbitrary and capricious under the Administrative Procedure Act ("APA") and should be enjoined by this court as soon as possible.

**INTRODUCTION**

2. In December 2007, at the request of Fay R. Avery, who was then an employee of UNVA, SEVP removed Ro Ho from the role of PDSO and replaced him with Mr. Avery. This decision was made in clear violation of SEVP's regulations that provide "any changes to the PDSO or DSO must be made by the PDSO," 8 C.F.R. § 214.3(l)(2), because Mr. Avery was not the PDSO at the time he requested the change. Moreover, because Dr. Ho is the beneficial owner of UNVA, and because the change was made with no notice to Dr. Ho or any opportunity for him to be heard, it deprived him of an important property right – the ability to admit students to his institution – with no notice or any opportunity to be heard.

3. In addition, Plaintiffs seek declaratory and injunctive relief from SEVP's decision to deny, or alternatively, to delay unreasonably, a decision regarding UNVA's request to have Roy Ho immediately reinstated as the PDSO, given the ongoing harm to the students, the Nation's immigration system, UNVA, and its owners. Absent immediate

relief from this Court, Avery will be able to continue to use his position as PDSO to terminate—unreasonably and unlawfully—the immigration status of students at UNVA and to refuse to provide required documentation for students who wish to transfer from UNVA. These arbitrary actions and refusal to administer I-20 immigration forms properly has caused many students and their families to loose their immigration status in the United States and threatens the integrity of the immigration system, which relies on lawful participation by schools. In addition, Avery's ongoing efforts have also driven students away from the school, thereby threatening the school's existence and causing irreparable harm to its owner's reputation and, perhaps, ability to open additional facilities subject to SEVP's regulation.

4. Plaintiffs have provided SEVP with all information and legal argument necessary to resolve SEVP's arbitrary and unlawful actions, but SEVP has refused to reinstate Roy Ho. Rather, SEVP issued a Notice of Intent to Withdraw UNVA's status under 8 C.F.R. § 214.4. This procedure means that even though Dr. Ho and UNVA have provided full documentation to SEVP, Avery has 30 days to respond (in addition to the time SEVP takes to decide the Notice of Intent to Withdraw) while he uses the authority SEVP improperly granted to him to run the University into the ground. There is no statutory or regulatory reason that SEVP had to follow this convoluted procedure to resolve the situation; doing so only compounds the harm to UNVA.

## PARTIES

5. UNVA is a for-profit corporation organized under the laws of the Commonwealth of Virginia. It operates the University of Northern Virginia, a post-graduate institution serving primarily international students in Prince William and Fairfax Counties,

Virginia. UNVA primary location is 10021 Balls Ford Road, Manassas, Virginia, 20109. Dr. Ho created UNVA on March 20, 1998 by filing its Articles of Incorporation with the Virginia State Corporation Commission, pursuant to the Virginia Stock Corporation Act. Dr. Ho was UNVA's sole incorporator.

6. EDI is a for-profit corporation organized under the laws of the Commonwealth of Virginia. It is located at 9730 Leesburg Pike, Great Falls, Virginia 22066. EDI is the original and existing parent company of UNVA. It currently owns 89 percent of the outstanding shares of UNVA.

7. Daniel F. Ho is the sole shareholder, President, Treasurer, and sole director of EDI. He is also Chairman of the Board of Directors of UNVA, and currently serves as UNVA's President. Between his ownership of EDI, which owns 89 percent of UNVA, and the five percent of UNVA stock that he owns directly, he controls over 94 percent of the shares of UNVA. Dr. Ho served as the PDSO of UNVA pursuant to SEVP's regulations, 8 C.F.R. § 214.3(l)(2), from the time UNVA was approved by SEVP pursuant to 8 C.F.R. § 214.3, until he named Roy Ho PDSO. Thereafter, he served as a DSO until SEVP removed him as a DSO in December 2007, at the *ex parte* request of Avery.

8. Roy Ho is the corporate secretary of UNVA and was the PDSO of UNVA from the time Dr. Ho appointed him as PDSO until SEVP removed him as a PDSO in December 2007, at the *ex parte* request of Avery.

9. United States Immigration and Customs Enforcement ("ICE") is a component of the Department of Homeland Security ("DHS"). It was created in 2003 as an investigative arm of DHS.

10. SEVP is an office of ICE that is responsible for tracking international students and exchange visitors. It operates the Student Exchange Visitor Information System ("SEVIS"), which is an online database created by SEVP to track students and monitor schools.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this lawsuit pursuant to 5 U.S.C. §§ 702 and 704 and 28 U.S.C. § 1331. This action arises under the laws of the United States, specifically the Immigration and Nationality Act and the APA.

12. Venue is proper in this Court because SEVP, ICE, and DHS reside in this district. 28 U.S.C. § 1391(e)(1).

## LEGAL FRAMEWORK

13. SEVP operates SEVIS pursuant to section 641 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, section 405 of the Visa Waiver Payment Program Act, section 416(c) of the USA PATRIOT Act, and section 501 of the Enhanced Border Security and Visa Entry Reform Act of 2002. SEVP has been part of the Department of Homeland Security since DHS's creation in 2003.

14. SEVP's regulations define a PDSO as "a regularly employed member of the school administration whose office is located at the school and whose compensation does not come from commissions for recruitment of foreign students." 8 U.S.C. § 214.3(l)(1). The regulations provide that "[t]he PDSO and any other DSO must be named by the president, owner, or head of a school or school system. The PDSO and DSO may not delegate this designation to any other person." *Id.* Moreover, the regulations specify that "[a]ny changes to the PDSO or DSO must be made by the PDSO." 8 C.F.R. § 214.3(l)(2).

15. The Immigration Act grants SEVP the authority to approve schools to issue M-1 student visas and to require schools to provide information about themselves and their students. *See generally* 8 U.S.C. §§ 1101(a)(15) and 1732. "If an …approved educational institution…fails to provide the specified information, such approvals and such issuance of visas shall be revoked or denied." 8 U.S.C. § 1372(d)(2); *see also* 8 U.S.C. § 1101(a)(15) ("[I]f any such institution of learning or place of study fails to make reports promptly the approval shall be withdrawn….").

16. SEVP has created procedures to implement its withdrawal authority. The regulations specify that:

> Whenever a district director has reason to believe that an approved school or school system in his/her district is no longer entitled to approval, a proceeding shall be commenced by service upon its designated official a notice of intention to withdraw the approval. The notice shall inform the designated official of the school or school system of the grounds upon which it is intended to withdraw its approval. The notice shall also inform the school or school system that it may, within 30 days of the date of service of the notice, submit written representations under oath supported by documentary evidence setting forth reasons why the approval should not be withdrawn and that the school or school system may, at the time of filing the answer, request in writing an interview before the district director in support of the written answer.

8 C.F.R. § 214.4(b).

17. After a school files its response, the regulations provide that "[t]he decision of the district director shall be in writing and shall include a discussion of the evidence and findings as to withdrawal." 8 C.F.R. § 214.4(g). The regulations state that the "decision shall contain an order either withdrawing approval or granting continued approval." *Id.*

18. Nothing in the regulations governing withdrawals provides that they are the only method by which SEVP may act to remedy issues with a school. Nor is there any-

- 6 -

thing in the regulations that suggests these procedures should be used in the event that a PDSO is improperly changed.

## ADMINISTRATIVE ACTIONS

19. According to SEVP, on November 16, 2007, Mr. Avery contacted SEVP and requested that SEVP change the PDSO from Dr. Ho to Mr. Avery. On December 6, 2008, Mr. Avery met with SEVP and presented himself as the chancellor of UNVA. Thereafter, SEVP determined that Mr. Avery qualified as the "head of school" and accepted his request to change the PDSO from Roy Ho to Mr. Avery. SEVP did not contact either Dr. Ho or Roy Ho at any time during this process, even though Dr. Ho was listed as the owner of UNVA on the Form I-17 and Roy Ho was the PDSO.

20. Dr. Ho learned that he had been removed as DSO only when he was unable to log into SEVIS and subsequently contacted the SEVIS help desk. He was given no reason for the change in PDSO. Roy Ho similarly learned of his loss of PDSO status.

21. Once he realized what had happened, Dr. Ho, as president of UNVA and chairman of its board of directors, informed the board about what had happened. The board of directors of UNVA then retained counsel for UNVA to assist with the PDSO issues. Counsel contacted SEVP by letter on March 14, 2008.

22. On March 27, 2008, counsel for UNVA sent a letter to SEVP, with supporting documentation, outlining that Dr. Ho was the owner and president of UNVA, that the board of directors has terminated Mr. Avery's employment with UNVA, and that UNVA would suffer severe reputational and institutional harm, compounded by harm to students, if SEVP did not restore Dr. Ho as the PDSO.

23. On March 28, 2008, SEVP issued a "Notice of Intent to Withdraw" ("Notice"). A version of this Notice was apparently sent to both Dr. Ho and Mr. Avery. The Notice explained, for the first time, how Mr. Avery had contacted SEVP and convinced SEVP to change the PDSO. The notice indicated that "SEVP has learned that the ownership of UNVA is in dispute" and that "SEVP has received conflicting reports from Misters Ho and Avery as to the composition of and ruling of the Board of Directors, school and corporate by-laws of UNVA providing for the ownership and decision-making authority of officers." Therefore, SEVP requested documentary evidence of:

- Legal proof of ownership of EDI
- Legal proof of EDI's ownership of UNVA
- Corporate bylaws for EDI and UNVA
- Lists of directors and officers
- Minutes for every meeting of the board of directors of UNVA from June 2007 to March 28, 2008.

Pursuant to 8 C.F.R. § 214.4, the Notice provided Dr. Ho 33 days to respond to its questions. A similar notice was apparently sent to Mr. Avery, with a similar response period.

24. Dr. Ho provided complete responses to SEVP's requests with a 132-page submission on April 1, 2008. The documents clearly demonstrated that Dr. Ho owns EDI, that EDI owns 89 percent of UNVA, and that the board of directors had terminated Mr. Avery's employment.

25. On April 8, 2008, UNVA provided additional specific evidence of harm to UNVA and its students caused by Mr. Avery's actions as PDSO. The evidence included:

- Proof that Mr. Avery was terminating students' immigration status improperly when the sought to transfer to other institutions,
- Information that he was imposing illegal conditions on students who sought to transfer, and
- Evidence demonstrating hat he failed to provide required documentation to transferring institutions.

Given the indefinite time the Notice of Intent to Withdraw process could take, UNVA requested interim relief. Specifically, it requested that SEVP immediately reinstate Dr. Ho as the PDSO.

26. On April 8, 2008, counsel for UNVA met with SEVP to discuss the matter and reiterated the request for immediate relief based on the errors in SEVP's decision-making process, the overwhelming evidence that Mr. Avery was not the proper PSDO, and the ongoing harm to UNVA, the students, and proper functioning of the nation's immigration system.

27. Two days later, UNVA sent a letter reiterating its request for immediate relief and provided a memorandum outlining possible legal bases for SEVP to act. Although SEVP suggested in the meeting on April 8, 2008 that it would provide a written decision on UNVA's request for interim relief, it has not responded to UNVA's request.

28. After nearly two weeks of silence, counsel for UNVA spoke with SEVP and learned that it was not going to issue an interim decision. UNVA then sent a letter to SEVP confirming the denial of interim relief and requesting reconsideration of that denial. UNVA requested a response by noon on Tuesday, April 29, 2008.

29. SEVP denied the request on April 29, 2008.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Violation of the APA & SEVP Regulations)

30. Plaintiffs repeat and incorporate all previous allegations of this Complaint.

31. SEVP violated the SEVP regulations by changing the PDSO at the request of Mr. Avery. Mr. Avery was not the PDSO at the time he sought to have SEVP remove Dr. Ho as the PDSO and make himself the PDSO. 8 C.F.R. § 214.3(l)(2) specifically pro-

vides that "[a]ny changes to the PDSO or DSO must be made by the PDSO." Accordingly, SEVP's initial change in PDSO from Roy Ho to Mr. Avery was contrary to SEVP's own regulations and therefore a violation of the APA.

## SECOND CLAIM FOR RELIEF
### (Violation of APA and Fifth Amendment)

32. Plaintiffs repeat and incorporate all previous allegations of this Complaint.

33. By virtue of his holdings in EDI and EDI's ownership of UNVA, Dr. Ho was listed on form I-17 as the owner of UNVA. As the owner, he has a property right in UNVA's approved status under the SEVP program, which must include SEVP's approval of the PDSO.

34. Mr. Avery made his request to change the PDSO without notice to Dr. Ho. SEVP made the change in PDSO without ever contacting Dr. Ho and without providing him any opportunity to response to Mr. Avery's request to change the PDSO. To this day Dr. Ho has never seen the information Mr. Avery submitted to SEVP to effectuate the change.

35. Although he remains the owner and president of UNVA, Dr. Ho has no longer been able to enroll students at UNVA, access SEVIS to grant I-20 status, or select his subordinates that will perform these functions. Rather, Mr. Avery has been able to make his own determinations about student enrollment, terminate students' immigration status at his every whim, and drive UNVA into the ground in doing so.

36. Accordingly, SEVP's change in PDSO violated Dr. Ho's right—as the record owner of the institution—to notice and the opportunity to be heard before being stripped of a property right and of fundamental responsibility for his university.

### THIRD CLAIM FOR RELIEF
### (Violation of APA)

37. Plaintiffs repeat and incorporate all previous allegations of this Complaint.

38. Plaintiffs attempted to have SEVP remedy its prior errors by revoking Mr. Avery's status as PDSO and restoring Roy Ho to his rightful position. SEVP's response was to initiate a Notice of Intent to Withdraw UNVA's approved status and provide both parties with 33 days to respond. This procedure has nothing to do with an improperly selected PDSO and does nothing to remedy SEVP's error in a timely fashion. Dr. Ho repeatedly requested that SEVP restore Roy Ho as PDSO, given the clear violations of SEVP's own procedures in making the initial change. SEVP has informally indicated that it will not make an interim change and will wait until the outcome of the Notice of Intent to Withdraw proceeding.

39. This proceeding provides Mr. Avery all of the procedural protections not accorded Dr. Ho. Yet the UNVA board of directors terminated Mr. Avery from his position with UNVA, such that he has no legal right to serve as PDSO.

40. The APA provides that agencies must act in a timely fashion. UNVA has petitioned SEVP to correct its violations of the regulations by reinstating Dr. Ho as the PDSO; SEVP's initiation of the Notice of Intent to Withdraw and its refusal to grant immediate relief based on the ongoing harm and clear violations of its regulations violate the agency's APA obligation to act in a timely fashion.

### FOURTH CLAIM FOR RELIEF
### (Violation of SEVP Regulations)

41. Plaintiffs repeat and incorporate all previous allegations of this Complaint.

42. Despite UNVA's repeated requests to have Mr. Avery removed as PDSO, SEVP continues to allow Mr. Avery to remain as the PDSO. UNVA has provided UNVA with a copy of a board of directors' resolution terminating Mr. Avery's employment. By retaining Mr. Avery as PDSO, SEVP continually violates its regulations that specify that PDSO, "means a regularly employed member of the school administration." 8 C.F.R. § 214.3(l)(1). An individual who has been terminated by a school cannot be "regularly employed" by that institution. Accordingly, SEVP's continued decision to allow Mr. Avery to remain the PDSO violates its very regulations.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs request the following relief:

1. For a declaration that SEVP violated 8 C.F.R. § 214.3(l)(2), and acted arbitrarily and capriciously and contrary to law by changing the PDSO from Roy Ho to Mr. Avery at Mr. Avery's request.

2. For a declaration that SEVP continues to violate 8 C.F.R. § 214.3(l)(2), and acts arbitrarily and capriciously when it refuses to remove Mr. Avery as PDSO even though he is no longer employed by UNVA.

3. For an Order permanently enjoining SEVP from making Mr. Avery the PDSO for UNVA without Dr. Ho's approval, so long as Dr. Ho remains the owner of UNVA.

4. For an Order awarding Plaintiffs such other and further relief as this Court deems just and appropriate under the circumstances.

- 13 -

        Respectfully submitted,

        /s/Ronald M. Jacobs
        Ronald M. Jacobs
          (D.C. Bar No. 479842)
          (202) 344-8215
          rmjacobs@venable.com
        D. Edward Wilson, Jr.
          (D.C. Bar No. 932178)
          (202) 344-4819
          dewilsonjr@venable.com
        VENABLE LLP
        575 7th Street, N.W.
        Washington, D.C. 20004-1601

May 1, 2008                *Counsel for Plaintiffs*

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>**(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>**(IN U.S. PLAINTIFF CASES ONLY)**<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

  1  U.S. Government
      Plaintiff

  3  Federal Question
      (U.S. Government Not a Party)

  2  U.S. Government
      Defendant

  4  Diversity
      (Indicate Citizenship of
      Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and <u>one</u> in a corresponding Nature of Suit)

| **A.** *Antitrust* | **B.** *Personal Injury/ Malpractice* | **C.** *Administrative Agency Review* | **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| 410 Antitrust | 310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Medical Malpractice<br>365 Product Liability<br>368 Asbestos Product Liability | 151 Medicare Act<br><br>**Social Security:**<br>861 HIA ((1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g)<br>864 SSID Title XVI<br>865 RSI (405(g)<br>**Other Statutes**<br>891 Agricultural Acts<br>892 Economic Stabilization Act<br>893 Environmental Matters<br>894 Energy Allocation Act<br>890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| **E.** *General Civil (Other)* | | OR | **F.** *Pro Se General Civil* | |
|---|---|---|---|---|
| **Real Property**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent, Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property<br><br>**Personal Property**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | **Bankruptcy**<br>422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>535 Death Penalty<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br><br>**Property Rights**<br>820 Copyrights<br>830 Patent<br>840 Trademark<br><br>**Federal Tax Suits**<br>870 Taxes (US plaintiff or defendant<br>871 IRS-Third Party 26 USC 7609 | | **Forfeiture/Penalty**<br>610 Agriculture<br>620 Other Food &Drug<br>625 Drug Related Seizure of Property 21 USC 881<br>630 Liquor Laws<br>640 RR & Truck<br>650 Airline Regs<br>660 Occupational Safety/Health<br>690 Other<br><br>**Other Statutes**<br>400 State Reapportionment<br>430 Banks & Banking<br>450 Commerce/ICC Rates/etc.<br>460 Deportation | 470 Racketeer Influenced & Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Satellite TV<br>810 Selective Service<br>850 Securities/Commodities/ Exchange<br>875 Customer Challenge 12 USC 3410<br>900 Appeal of fee determination under equal access to Justice<br>950 Constitutionality of State Statutes<br>890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| G. *Habeas Corpus/ 2255*                                      | H. *Employment Discrimination*                                                                                                                           | I. *FOIA/PRIVACY ACT*                                                                         | J. *Student Loan*                                               |
|---|---|---|---|
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence       | 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | 895 Freedom of Information Act<br>890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting &<br>    Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-<br>    Employment<br>446 Americans w/Disabilities-<br>    Other | 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment &<br>    Enforcement of Judgment<br>153 Recovery of Overpayment of<br>    Veteran's Benefits<br>160 Stockholder's Suits<br>190 Other Contracts<br>195 Contract Product Liability<br>196 Franchise | 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

- 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multi district Litigation
- 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint
**JURY DEMAND:**   YES   NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   **YES**   **NO**   If yes, please complete related case form.

**DATE**   **SIGNATURE OF ATTORNEY OF RECORD**

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.