**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DANIEL F. HO., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-757 (JDB) |
| | ) | |
| STUDENT AND EXCHANGE | ) | |
| VISITOR PROGRAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD

The Student and Exchange Visitor Program ("SEVP"), Immigrations and Customs Enforcement, and Department of Homeland Security have attempted to justify their decision to remove Roy Ho as the Principal Designated School Official ("PDSO") of the University of Northern Virginia by cherry-picking the administrative record. Moreover, the Defendants have chosen to ignore Plaintiffs challenge to their decision to refuse to reinstate Roy Ho as the PDSO and have failed to include any documents from the administrative record relating to that decision. Accordingly, Plaintiffs respectfully move this Court to issue an Order requiring Defendants to produce the complete administrative record, including Defendants numerous submissions to SEVP, which were included as Exhibits B, C, and E through J to Plaintiffs' Motion for a Temporary Restraining Order and/or a Preliminary Injunction.

Plaintiffs have contacted counsel for Defendants who indicated that she would oppose this motion and requested sufficient time to file an opposition.

- 2 -

This Motion is supported by the attached Memorandum of Points and Authorities.

Respectfully submitted,

/s/ Ronald M. Jacobs
Ronald M. Jacobs
   (D.C. Bar No. 479842)
   (202) 344-8215
   rmjacobs@venable.com
D. Edward Wilson, Jr.
   (D.C. Bar No. 932178)
   (202) 344-4819
   dewilsonjr@venable.com
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601

May 30, 2008                                *Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| DANIEL F. HO., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-757 (JDB) |
| | ) | |
| STUDENT AND EXCHANGE | ) | |
| VISITOR PROGRAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION TO COMPEL DEFENDANTS**
**TO SUPPLEMENT ADMINISTRATIVE RECORD**

By conflating two distinct decisions made by the Student and Exchange Visitor Program ("SEVP") – the decision to refuse to change the University of Northern Virginia's ("UNVA") Principal Designated School Official ("PDSO") and the decision to issue a Notice of Intent to Withdraw ("NOIW") – Defendants attempt to shape the administrative record to match their post hoc rationalization of their arbitrary and capricious rejection of Plaintiffs' request to change the PDSO. Between March 14 and April 25 of this year, Plaintiffs submitted over 206 pages of documents to SEVP that should be part of the administrative record in this case (every single page was provided to the Court as an exhibit to Plaintiffs' Motion for a Temporary Restraining Order and/or Motion for a Preliminary Injunction). Defendants have produced exactly three pages of those documents as part of the administrative record (one of which was a Notice of Entry of Appearance). Accordingly, the Court should order Defendants to produce these

documents as part of the agency's record (or simply issue an order directing that Exhibits B, C, and E through J be included in the record).

**I.      The government may not skew the record to omit materials to the decision being challenged.**

A reviewing court must base its decision on "the whole record" that was actually before the agency, as opposed to a selective record compiled by agency lawyers for the purpose of defending the final result. *See Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419 (1971). In fact, "the 'whole record,' if it is incomplete, must be viewed as a 'fictional account of the actual decision-making process.'" *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) (*quoting Home Box Office, Inc. v. Federal Communications Comm'n*, 567 F.2d 9, 54 (D.C. Cir.1977)).

A court may grant a Motion to Supplement the Administrative Record to require an administrative agency to submit information already in its possession that was part of its decision-making process but that was initially omitted from the record. *See Pacific Shores Subdivision v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 5-6 (D.D.C. 2006). Granting a Motion to Supplement is appropriate when, among other things, "the agency action is not adequately explained in the record before the court" or "when an agency considered evidence which it failed to include in the record . . . ." *Esch v. Yeuter*, 876 F. 2d 976, 991 (D.C. Cir. 1987).

In *Environmental Defense Fund v. Blum*, 458 F. Supp. 650 (D.D.C. 1978), "the anomalous situation [was] presented that highly relevant submissions in the agency's files [were] not considered by EPA to be part of the record as not relied upon in reaching its final order. No standard [was] given to explain this willingness to exclude from consideration pertinent material submitted as an integral part of the rulemaking process or otherwise located in EPA's own files."

*Id*. at 661. The court held that "[t]he agency may not…skew the 'record' for review in its favor by excluding from that 'record' information in its own files which has great pertinence to the proceeding in question . . . ." *Id*. Indeed, even where the agency did not ultimately rely on particular information, it may not "exclude from consideration pertinent materials submitted as an integral part of the rulemaking process *or otherwise located in [the agency's] own files*." *Id*. (emphasis added).

Moreover, the Court may supplement the agency record "in cases where evidence arising after the agency action shows whether the decision was correct or not." *Esch*, 876 F.2d at 991.

## II.    Defendants have excluded from the administrative record highly relevant documents that were before SEVP at the time SEVP refused to change the PDSO.

In this case, SEVP has simultaneously attempted to supplement the record through the addition of a *post-hoc* litigation Declaration that purportedly clarifies the basis for its final decision, and failed to include documents in its possession that were relevant to its decision at the time. The agency is not permitted to shape the record to suit its purposes in this manner, but is bound to rely for justification only on the "whole record" before it at the time of its decision. *See Overton Park*, 401 U.S. at 419.

### A.    There are two decisions before the Court for review.

As set forth in more detail in the Memorandum in Support of Plaintiff's Motion for a Temporary Restraining Order and/or a Preliminary Injunction Plaintiffs challenge two distinct decisions by the Student Exchange Visitor Program: (1) SEVP's decision in December 2007 changing the Principal Designated School Official (PDSO) from Roy Ho to Fay Avery and (2) SEVPs decision not to change the PDSO to Roy or Daniel Ho when requested to do so.

Defendants have characterized SEVP's decision to institute a Notice of Intent to Withdraw ("NOIW") proceeding as the response to Plaintiffs' request for immediate action. (Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, and in Opposition to Plaintiffs' Application for Preliminary Injunction ("Def. Mem.") at 9 n.2 and 19-20). Under Defendants' theory, SEVP has not issued a final decision on this request and therefore none of the substantive documents Plaintiffs submitted to SEVP are part of the administrative record. (Def. Mem. at 19).

Plaintiffs do not challenged the issuance of the NOIW. They do challenge SEVP's decision not to change the PDSO to Roy Ho during the pendency of the NOIW proceeding. By arguing that the decision to proceed by NOIW was the agency's only response to UNVA's repeated requests for immediate agency action, Defendants have excluded materials from the administrative record that UNVA submitted to SEVP seeking to have the agency change the PDSO.

**B.     There documents excluded are highly relevant to the second decision and were before the agency at the time the decision not to grant immediate relief was made.**

Defendants have included one letter from Plaintiffs' counsel to SEVP in the administrative record. (R.32). They have avoided producing any other documents Plaintiffs provided to SEVP, claiming that the Notice of Intent to Withdraw ("NOIW") precluded consideration of any of these materials. (Def. Mem. at 9 n.2). SEVP apparently decided to proceed by NOIW on February 15, 2007 (Currie Decl. ¶ 18), but the NOIW not issued until March 28, 2008. (R. 36-40). This timeline suggest that the decision to issue the NOIW was made before the request for an immediate change was made. Accordingly, the decision to issue the NOIW cannot be the

agency's response to the request for an immediate change; the agency's refusal to make the change therefore constitutes the final agency action.

Plaintiffs submitted two letters to SEVP prior to the time the NOIW was issued – one of which was a plea for any action by the agency. (Ex. B & C to Memorandum in Support of Plaintiffs' Motion for a Temporary Restraining Order and/or a Preliminary Injunction ("Pl. Mem.")). In addition it submitted six letters after the issuance of the NOIW. (Ex. E through J to Pl. Mem.). One of these letters was a specific response to the NOIW (Ex. E to Pl. Mem.) and the remainder were requests for immediate action. (Ex. F through J to Pl. Mem.). Even the one letter specifically responding to the NOIW includes a "request that SEVP...restore Dr. Ho as the PDSO immediately," based on the information submitted in that letter. (Ex. E to Pl. Me.). Accordingly, each of these documents was part of the administrative record before the agency because they related specifically to the decision to not make an immediate change in the PDSO.

The materials submitted included detailed board resolutions showing that UNVA terminated Avery's employment and that Roy Ho occupied the position of Corporate Secretary for UNVA. These materials went to the heart of Plaintiffs claims and responded to the documents that SEVP allowed Avery to submit prior to changing the PDSO and also after the PDSO was changed. Accordingly, these documents are "highly reluctant submission in the agency's files" that must have been part of the decision-making process to deny Plaintiffs immediate relief. *Environmental Defense Fund*, 458 F. Supp. at 650. Even if SEVP did not review the materials, they were "submitted as an integral part of the…process or otherwise located in the [agency's] own files," and therefore have "great pertinence to the proceeding in question," because they are essential for the Court to evaluate whether the decision to refuse to make an immediate change to the PDSO was arbitrary and capricious.

Alternatively, the Court should compel inclusion of these documents in the administrative record because the "evidence arising after the agency action shows whether the decision was correct or not." *Esch*, 876 F.2d at 991.

## **CONCLUSION**

For the forgoing reasons, Plaintiffs respectfully request that the Court issue an order directing Defendants to produce the documents identified in Exhibits B, C, and E through J to Plaintiffs' Memorandum in Support of Plaintiffs' Motion for a Temporary Restraining Order and/or a Preliminary Injunction as part of the administrative record for review before this Court.

Respectfully submitted,

/s/ Ronald M. Jacobs
Ronald M. Jacobs
   (D.C. Bar No. 479842)
   (202) 344-8215
   rmjacobs@venable.com
D. Edward Wilson, Jr.
   (D.C. Bar No. 932178)
   (202) 344-4819
   dewilsonjr@venable.com
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601

May 30, 2008                                        *Counsel for Plaintiffs*

- 6 -

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th Day of May 2008, Plaintiff's Motion to Compel Defendants to Supplement the Administrative Record was served by the Court's ECF filing system on the following:

Claire Whitaker
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137
claire.whitaker@usdoj.gov

Reginald Rowan
reginald.rowan@usdoj.gov

/s/ Ronald M. Jacobs
Ronald M. Jacobs

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DANIEL F. HO., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-757 (JDB) |
| | ) | |
| STUDENT AND EXCHANGE | ) | **ORDER [Proposed]** |
| VISITOR PROGRAM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Upon consideration of Plaintiff's Motion To Compel Defendants To Supplement the

Record, and for good cause shown, it is hereby

**ORDERED** that Defendants shall supplement the Record by immediately

submitting to the Court and parties copies of:

The first letter from Ronald M. Jacobs to Dianne Currie dated March 27, 2008

and all attachments thereto;

The second letter from Ronald M. Jacobs to Dianne Currie dated March 27, 2008;

The letter from Ronald M. Jacobs to Dianne Currie dated April 1, 2008 and all

attachments thereto;

The letter from Ronald M. Jacobs to Dianne Currie dated April 8, 2008 and all

attachments thereto;

The letter from Ronald M. Jacobs to Dianne Currie dated April 10, 2008;

The memorandum to SEVP from Venable dated April 10, 2008;

The letter from Ronald M. Jacobs to Dianne Currie dated April 16, 2008;

The letter from Ronald M. Jacobs to Louis Ferrell dated April 25, 2008; and

Any other documents in their possession concerning the decision not to restore

Roy Ho as the PDSO.

**IT IS SO ORDERED**, this _____ day of _____ 2008.


_____
John D. Bates
United States District Judge