**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DANIEL F. HO, et al.,                  )
                                       )
              Plaintiffs,              )
                                       )
       v.                              )       Civil Action No. 08-0757 (JDB)
                                       )
STUDENT AND EXCHANGE VISITOR           )
PROGRAM, et al.                        )
                                       )
              Defendants.              )
_____)

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY**
**JUDGMENT AND OPPOSITION TO PLAINTIFF'S CROSS MOTION**
**FOR SUMMARY JUDGMENT AND MOTION TO SUPPLEMENT RECORD**

**I.       Preliminary Statement**

Defendants Department of Homeland Security Immigration, and Customs Enforcement, and Student Exchange and Visitor Program ("SEVP") file this reply to Plaintiffs' Opposition to Defendants' dispositive motion, and Opposition to Plaintiffs' Cross Motion for Summary Judgment and Motion to Supplement the Record. See Docket Entries ("Docket") 8-11.  By requesting that their motion for preliminary injunction be converted to a cross motion for summary judgment [Docket # 9], Plaintiffs have now rendered moot their motion for emergency relief.  Rightfully so, as no grounds exists for the extraordinary remedy they sought. See Docket # 5.  Moreover, a premature ruling on Plaintiffs' expanded claims, without a full record review of a final agency decision, which has not occurred, would do nothing more than complicate an

already daunting task for Defendants, i.e., to determine who speaks for the University of Northern Virginia ("UNVA").

Indeed, this case is but one of seven civil actions that seek to establish rights between private parties to the control and management of UNVA, a Virginia school participating in the SEVP, a federally-authorized program that permits the school attendance of nonimmigrant students under sections 110(a)(15)(F)(i) or 101(a)(15)(M)(i) of the Immigration and Nationality Act (the "Act"). The only difference between this case and the others is that only one of the rival factions is represented here. The unrepresented faction, Fay Avery, was undisputedly the Chancellor and head of UNVA when the first of the two actions complained of here was taken, i.e., when SEVP approved Mr. Avery's request to change the principal designated school official ("PDSO") to himself. (Plaintiffs admit that Mr. Avery had the regulatory authority to request SEVP to change the PDSO to himself. See Docket # 10 (Pl. Opp. to Def. Motion to Dismiss), p. 9; Docket 3 (Pl. Opp. Mem in Support of TRO & PI), Exhibit E thereto, p. 2.) As Plaintiffs have noted, a hearing in the Fairfax County, VA, Circuit Court on Plaintiffs' motion for preliminary injunction seeking an order on ownership and to have Avery ejected from the campus was held on June 6, 2008, in Case No. 2008-5145, UNVA v. Avery et al. See Docket # 10, p. 16. It is defendant's understanding that a "trial" was held on June 10, 2008, in the same proceeding. A decision in that case, which will determine the respective rights of the former management of UNVA, is expected to be rendered on an expedited basis. Thus, in the interest of judicial economy, should this Court entertain Plaintiffs' motion to change the status quo, i.e., to change the PDSO from Avery to a Ho, the second SEVP action (or nonaction) challenged by Plaintiffs,

Defendants respectfully request that the Court resist this temptation until a ruling on Plaintiffs'

emergency request before the Fairfax Country Circuit Court or until the Notice of Intent to

Withdraw ("NOIW") proceedings pursuant to 8 C.F.R. § 214.4(b) and commenced by SEVP on

March 28, 2008, is concluded and a decision rendered.

## II.  Factual Background

Defendants will not repeat the underlying facts of this case.  Instead, the Court is referred

to Defendants' Statement of Material Facts Not in Dispute, filed with their motion to dismiss or for

summary judgment.  See Docket # 5.  Defendants present here only those facts important to this

response.

First, SEVP is presently conducting an investigation into whether the UNVA continues to

qualify for attendance of nonimmigrant students under the Act.  This investigation was formally

initiated when the School Certification Branch ("SCB") of SEVP issued, on March 28, 2008, a

Notice of Intent to Withdraw ("NOIW") certification for UNVA to accept for attendance

nonimmigrant students as part of the SEVP program.  Administrative Record ("A.R."), pp. 36-40.[1]

Pursuant to 8 C.F.R. § 214.4(b), a NOIW investigation may be commenced whenever SEVP has

"reason to believe" that an approved school is no longer entitled to approval for the attendance of

nonimmigrant students under the Act.  SEVP/SCB issued the NOIW in response to receiving

conflicting reports regarding school conditions essential to the administration of UNVA in the

SEVP program, including, but not limited to the decision-making authority of officers.  And, as

---

1 The A.R. is found at Docket # 5 (Defendants' Opposition to Plaintiffs' Motion for Preliminary
Injunction and Motion for Summary Judgment) at Exhibit A, attached to the Declaration of Diane
Currie.

noted in Plaintiffs' Motion to Supplement the Record, Plaintiffs do not argue that the NOIW proceeding is before the Court.  Docket # 8, p. 4; A.R., pp. 36-40.

The decision that a NOIW was necessary was made on or about February 15, 2008, after SEVP received written notice that UNVA's Board of Trustees had suspended Daniel Ho from employment and barred him from school property.  Docket # 5, Exhibit A (Currie Declaration) at ¶ 18.[2]  The origin of the need for a NOIW proceeding, however, began when Daniel Ho sent SEVP a communication in January 2008 [A.R., p. 24], more than one month after SEVP approved a request made by the head of school, Chancellor Fay Avery, to change UNVA's PDSO.  A.R., pp. 14-20.  Chancellor Avery's request was approved after verification that he was, indeed, the head of the school. A.R., p.24 & Docket # 5, Exhibit A (Currie Declaration) at ¶ 15-16; see also A.R., pp. 5, 10, 18.  But, Mr. Ho's letter represented that he was owner of the school, that Mr. Avery had been terminated, and that he (instead of Avery) should be designated PDSO.  See A.R., p. 24; see also A.R., pp. 27-30.  However, SEVP, in order to verify from UNVA that Mr. Avery had been terminated, called the UNVA telephone number shown on the letterhead provided by Daniel Ho, the same number UNVA provided to SEVP in its Form I-17 petition for school approval.  Mr. Avery answered that call and, contrary to Ho's claim, said he was still employed there. Id., p. 22; see also Docket # 5, Exhibit A (Currie Declaration) at ¶ 16.  Daniel Ho was identified as Vice Chancellor [A.R., p. 18] and Provost [A.R., pp. 10 & 11] at the time of the PDSO change.  See also A.R. at p. 29.  Thus, a cursory review of the record before the Court shows a dispute existed as to

---

2 The Declarations of Ms. Currie and that of Denise-Mackie Smith were submitted with Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion for Summary Judgment to explain the SEVP program, provide procedural information relating to the Administrative Record, and address issues of irreparable harm.

the employment and decision-making authority of the UNVA officers.  Id., pp. 14, 22, 24, 27-29, 36-40.

### III.  Plaintiffs' Challenges

First, Plaintiffs challenge the SEVP decision to change the PDSO from Roy Ho to Chancellor Fay Avery in November 2007, upon Mr. Avery's request as head of the school.  By their own admissions, Plaintiffs concede that at the time of the change in PDSO, Mr. Avery had the authority to make such a change.  Docket # 10, p. 9; Docket # 3, p. 14 &  Tab E, p. 2.

Second, because "[Plaintiffs] specifically and directly asked SEVP to change the PDSO [to Daniel Ho] immediately starting on March 14, 2008," Docket # 10, p. 13.  Plaintiffs challenge SEVP's failure to make a decision on that request and SEVP's issuance of a NOIW investigation.

However, contrary to Plaintiffs' claim, no final agency action has occurred.  Moreover, had SEVP granted Plaintiffs' request to immediately appoint Daniel Ho PDSO before (1) allowing both competing factions, Daniel Ho and Mr. Avery, the required time to submit formal responses to the NOIW prior to the deadline set forth in 8 C.F.R. § 214.4(b), and (2) without reviewing the responses to determine who had decision-making authority for the school, SEVP would likely be found to have acted in an arbitrary and capricious manner.  Under these circumstances, SEVP's action to commence a NOIW proceeding was not arbitrary and capricious or contrary to law, but a rational step to uncover the true facts.

### IV.  Argument

Plaintiffs no longer seek a preliminary injunction, but instead move to supplement the record with documents submitted between March 27, 2008, and April 25, 2008.  See Docket # 8.

Plaintiffs also request that the Court convert their motion for preliminary injunction to a cross

motion for summary judgment and provide a statement of material facts to accompany their cross

motion. See Docket # 9 & . # 10.

Defendants submit that the Court should reject Plaintiffs' attempts to advance their filings

to the front of the line of civil actions before this Court under the guise that they need

extraordinary or emergency relief.  Plaintiffs no longer seek such relief.  Therefore, the case

should not be expedited.  Moreover, in Plaintiffs' "new" filings, they recast their original request

by Daniel Ho to SEVP as now a request to reinstate Roy Ho as PDSO in order to argue that the

regulations authorizing a change were violated.  They claim in these proceedings that they

requested that Roy Ho be reinstated as PDSO, i.e., that the relative positions of the parties be

returned to the status quo.  However, that is **not** what Plaintiffs sought prior to the NOIW as the

record reflects that Plaintiffs requested to replace Mr. Avery as PDSO with Daniel Ho, not Roy

Ho. A.R., pp. 32-33.  Notwithstanding this clear position taken by Plaintiffs and the basis for their

APA challenge, Plaintiffs now argue that they were really urging that Roy Ho be returned to the

position of PDSO. See e.g., Docket # 10, pp. 1,3, 7, 12 & 18.  This was not before the agency

prior to the NOIW and is, therefore, not before the Court.  The Court should resist Plaintiffs'

attempt to re-structure their request to SEVP for the sake of their argument.

**A. Plaintiffs' Motion for Preliminary Injunction Should be Denied as Moot.**

Plaintiffs ask this Court to convert their motion for preliminary injunction to a cross

motion for summary judgment.  In doing so, Plaintiffs have abandoned their request for the

extraordinary relief of a preliminary injunction. Accordingly, Plaintiffs' motion for preliminary

injunction should be denied as moot.

In any event, as Defendants' Opposition and Motion establish, Plaintiffs have no grounds

for a preliminary injunction. Docket ## 5 & 6. Although Plaintiffs continue to argue that they

have established irreparable harm to themselves and harm to third parties, they have made no

attempt to dispute the documented facts that show the school is running without interruption,

gaining students and successfully participating in the SEVP program. Further, they have made no

allegations or supplied the Court any evidence that Daniel Ho (or Roy Ho) meet all the

qualifications for a PDSO required under 8 C.F.R. § 214.3(l)(1). Under these circumstances,

plaintiffs cannot establish entitlement to relief.

### B. Plaintiffs' Opposition to Defendants' Dispositive Motion Does Not Defeat Defendants' Motion for Summary Judgment, Nor are there Grounds Presented for Their Cross Motion for Summary Judgment.

#### 1. Plaintiffs have Failed to Carry Their Burden of Establishing That There is a Genuine Issue of Material Fact to Defeat Defendants' Motion.

Plaintiffs have failed to file a statement addressing Defendants' Statement of Material

Facts Not in Dispute. Moreover, in their own Statement of Material Facts Not in Dispute [Docket

10, Att.1], they do not address any of Defendants' facts, but, instead focus on facts during an

irrelevant period of time, a period Defendants submit is part of the NOIW investigation into

UNVA's continuing ability to meet the regulatory requirements of the SEVP program.

Because Defendants' facts have not been addressed pursuant to the requirements of Local

Rule LCvR 7(h), the Court may deem Defendants' statement of material facts as admitted for the

purposes of Defendants' motion for summary judgment.  See Arrington v. U.S.,473 F.3d 329, 335

(D.C. Cir. 2006)

### 2. Mr. Avery was Authorized to Make a Change in the PDSO

Plaintiffs argue in their Opposition that SEVP violated the regulations by changing the

PDSO.  This argument has no merit.  Docket # 10, p. 6.  The regulation at 8 C.F.R. § 214.3(l)(1)

provides that the "president, owner, or head of school" has the authority to name the PDSO.  See

Docket # 5,Exhibit A (Currie Declaration) at ¶7.   Plaintiffs admit that Avery had the authority to

change the PDSO under the Regulations.  Docket # 10, p. 9; Docket # 3, p. 14; Exhibit E, thereto,

p. 2.  Nonetheless, SEVP verified Avery's authority by examining the records contained in the

SEVP file for UNVA.  These records included:  previous Form I-17 petitions, which were

submitted under the penalty of perjury under 8 C.F.R. § 103.2(a)(2), and which listed Avery as

the President; and, the UNVA website which listed Avery as the Chancellor.  See Docket # 5,

Exhibit A (Currie Declaration) at ¶13 and A.R., pp. 4,5,10, 18; Docket # 5, Exhibit B (Mackie-

Smith Declaration) at ¶ 9.

Plaintiffs, however, claim SEVP made the PDSO change "at Avery's request with

inadequate attempts to verify that he was authorized by UNVA to make the change, even when

confronted with contradictory information from Dr. Ho."  Docket # 10, p. 6.  This erroneous

accusation is misleading on two counts.  First, SEVP verified Avery's authority, as explained

above and, in fact, Plaintiffs admit that Avery was the Chancellor of UNVA on December 6,

2007, and had authority to request the change of the PDSO.  Docket # 10, p. 9; Docket # 3, p 14

& Tab E, thereto, at 2.   Second, the record shows that Plaintiffs were not contacted by Dr. Ho

until over one month after the PDSO change. See A.R., p. 24. Therefore, SEVP was not presented with conflicting information at the time of the PDSO change. Because the record shows that Plaintiff verified the undisputed authority of Chancellor Fay Avery to make the PDSO change, Plaintiffs' argument here must fail.

Moreover, Plaintiffs also argue that the SEVP's interpretation of 8 C.F.R 214.3(l)(2) does not make sense and in support, they cling to one isolated interior sentence of 8 C.F.R 214.3(l)(2) without looking at 8 C.F.R. 214.3(l)(2) or 8 C.F.R. 214.31(l) as a whole. 8 C.F.R. 214.3(l)(2) states:

> Name, title and sample signature. An approved school must update SEVIS upon any changes to the persons who are principal or designated officials, and furnish the name and title of the new official within 21 days of the change. Any changes to the PDSO or DSO must be made by the PDSO. In its discretion, the Service may reject the submission of any individual as a DSO or withdraw a previous submission by a school of an individual. (emphasis added).

Specifically, Plaintiffs contend that the "Any changes. . ." sentence means that after a PDSO is initially designated, only that PDSO can make changes to a PDSO. As set forth in Defendants' Motion for Summary Judgment, this is an impermissibly restrictive reading of the regulations taken as a whole. Plaintiffs counter, in their opposition, that Defendants' interpretation is incorrect because under such interpretation, a school could operate without SEVP knowing the identity of the PDSO. This argument, however, is without merit because Plaintiffs misread the regulation and confuse the process by which PDSOs are designated with the PDSO's other responsibilities under 8 C.F.R. 214.3(l)(2). Specifically, "[T]he president, owner, or head of a school" has the authority to name a PDSO. Docket # 5, Exhibit A (Currie Declaration) at ¶7; 8 C.F.R. 214.3(l)(1). After the PDSO is named by the "the president, owner, or head of a school,"

9

SEVP must approve the designation. Currie Declaration at ¶7 (emphasis added).  Once SEVP approves the designation, the school's access codes in the SEVIS computer database are reprogrammed for the PDSO.  Id.  Once the SEVIS database has been programmed for the new PDSO, the PDSO must manually update the computer database SEVIS with the name and title of the new PDSO (or DSO) and then provide a sample signature of the newly designated official.  Id. at ¶8.  SEVP, therefore, always knows the identity of the PDSO.[3]

Plaintiffs also mistakenly argue that "the entire contemporaneous administrative rationale for SEVP's decision to make Avery PDSO appears to be that found on the Help Desk Ticket document: 'Fay Avery is still with the University and asked that this request not be honored.'" Docket # 10, pp. 8-9 (citing A.R., p. 22).  As the record cited by Plaintiffs show, however, the help desk ticket referred to is dated January 10, 2008, more than one month after SEVP approved the PDSO change and, therefore, does not relate to the decision to approve Avery's authorized request to change the PDSO.  Such decision, as stated previously, was based upon a request from

---

[3] Defendant notes that "[t]he rules of statutory construction apply when interpreting agency regulations."  Roberto v. Department of Navy, 440 F.3d 1341, 1350 (Fed. Cir. 2006) (citations omitted); see Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Kempthorne, 497 F.3d 337, 351 (3rd Cir. 2007).  In this vein, a court should not "construe statutory phrases in isolation, but should "read statutes as a whole."  United States v. Morton, 467 U.S. 822, 828 (1984).  Here, the "Any changes. . ." clause cannot be read in isolation, but must be read in context of both 8 C.F.R. § 214.3(l)(2) and 8 C.F.R § 214.3 as a whole.  As raised in Defendants' Motion to Dismiss or For Summary Judgment, SEVP interprets such clause in that approved manner as setting forth a PDSO's duties to (1) manually update the SEVIS computer database with the name and title of the new PDSO or DSO and (2) to provide SEVP a sample signature of the newly designated official.  See Docket # 5, Exhibit A (Currie Declaration) at ¶8.  SEVP does not interpret this clause as modifying, or even referring to, the authority set forth in 8 C.F.R. § 214.3 (l)(1) of "the president, owner, or head of a school or school system" to name a PDSO and DSO.  Id.

the authorized Chancellor Fay Avery and SEVP verified such authority prior to approving the change.

Last, Plaintiffs argue, with respect to the initial PDSO change, that SEVP ignored Daniel Ho's "pleas for help." Docket # 10, p. 2. That is misleading, however, on two points. First, Daniel Ho did not contact SEVP until one month after the PDSO change; therefore, his January 2008 communication to SEVP did not pertain to its decision to approve Mr. Avery's request, which Plaintiffs admit Mr. Avery had the authority to make. Second, the record shows that the SEVP immediately took action upon receiving Mr. Ho's communication to verify the information that Mr. Avery was terminated. A call was placed to the UNVA office number listed on the UNVA letterhead provided by Mr. Ho, the same number listed on the school's Form I-17 petition. Mr. Avery answered the phone and said he had not been terminated. A.R, p. 22; Docket # 5, Exhibit A (Currie Declaration) at ¶ 16. Daniel Ho argues that the verification should have been directed to his direct dial telephone number and not to the main number of the school that was provided by him and by UNVA in its Form I-17 petition. Docket # 10, p.10  However, it was clearly appropriate for staff to contact the public office number of the school which was used in the Form I-17 petitions to insure that the facts presented concerning UNVA employment were properly verified. Third, SEVP/SCB initiated the NOIW process on March 28, 2008 and met with Plaintiffs' counsel on April 8, 2008. See Second Declaration of Diane Currie, Attachment 1, hereto, at ¶ 4.

11

3.  **No Final Agency Action has Occurred With Respect to
    Plaintiffs' Request to Change the PDSO to Daniel Ho as the
    Legal Relationship between SEVP and UNVA has not Changed.**

As noted above, Plaintiffs represent in their cross motion that they requested SEVP to

restore Roy Ho has PDSO and SEVP refused. Docket 10, pp. 1-2.  That is incorrect.  The record

shows that the only request made to SEVP prior to the NOIW was to replace Fay Avery as the

PDSO with Daniel Ho, not to restore Roy Ho to the position of PDSO.  See A.R., p. 24; see also,

letters from Ho's attorney dated March 14 & 27, 2008. A.R. 32-33 & Docket # 3, Tabs A-C.  In

any event, the legal relationship between SEVP and UNVA has not been altered and Plaintiffs

were so informed. R. 42.

Even though SEVP informed Plaintiffs that it has not reached a final decision in the

NOIW proceedings, Plaintiffs claim these proceedings constituted a "silent denial of UNVA's

[March 14, 2008] request for an immediate change [of the PDSO], . ."  Docket # 10 at p.13   This

argument, too, is without merit.

In order for "final agency action" to have occurred within the meaning of the

Administrative Procedure Act, 5 U.S.C. § 704,  the action must "mark the 'consummation' of the

agency's decisionmaking process-it must not be of a merely tentative or interlocutory nature."

HRI, Inc. v. E.P.A., 198 F.3d 1224, 1236 (10th Cir. 2000) (citing Bennett v. Spear, 520 U.S. 154,

177-78 (1997) (citing Chicago & Southern Air Lines, Inc. v. Waterman SS Corp., 333 U.S. 103,

113,(1948)).

Here, Plaintiffs have been informed in writing on multiple occasions that no determination

has been made. First, the NOIW stated that:

Per correspondence with Daniel Ho and Fay Avery, SEVP has learned that the ownership of UNVA is in dispute before the Commonwealth of Virginia. SEVP has received conflicting reports from Misters Ho and Avery as to the composition and ruling of the Board of Directors, school and corporate by-laws of UNVA providing for the ownership and decision-making authority of officers. Without proper documentation, SEVP cannot make a determination as to the legitimacy of Mr. Ho's claim of ownership and his dispute of Mr. Avery's claim of authority of head of the school.

A.R. at pp. 39-40 (emphasis added). Then, during the pendency of the NOIW proceedings, SEVP, via a written letter dated April 29, 2008, again stated that "[t]he Student and Exchange Visitor Program (SEVP) have not made a decision in this matter." A.R. at 42. Thus, contrary to Plaintiffs' claim that SEVP had issued a "silent denial of UNVA's request for an immediate change [of the PDSO]", SEVP clearly communicated it has not made any decision yet regarding Plaintiffs' request to change the PDSO. See Mobil Exploration & Producing U.S., Inc. v. Department of Interior, 180 F.3d 1192, 1197-99 (10th Cir.1999) (holding that "tentative or interlocutory action," in which the agency sent a letter that served only to initiate further proceedings by which the agency could determine whether Plaintiffs owed royalties, does not represent "the consummation of the agency's decisionmaking process" and thus is not final agency action for APA purposes).

Moreover, unlike the HRI, Inc. case, cited by Plaintiffs, the underlying relations in this case have not been changed. In this regard, the instant case is more similar to FTC v. Standard Oil Co. of Cal., 449 U.S. 232 (1980). In Standard Oil, the Federal Trade Commission ("FTC") issued a complaint averring that it had reason to believe that eight major oil companies were violating Section 5 of the Federal Trade Commission Act ("FTCA"). The Commission issued the complaint under authority of FTCA § 5(b), 15 U.S.C. § 45(b), which provides:

13

"<u>Whenever the Commission shall have reason to believe</u> that any ... person, partnership, or corporation has been or is using any unfair method of competition or unfair or deceptive act or practice in or affecting commerce, and if it shall appear to the Commission that a proceeding by it in respect thereof would be to the interest of the public, it shall issue and serve upon such person, partnership, or corporation a complaint stating its charges in that respect and containing a notice of a hearing...."

(emphasis added). The Court reasoned that the FTC's averment of "reason to believe" that the oil companies were violating the FTCA was "not a definitive statement of position [but instead] represent[ed] a threshold determination that further inquiry [was] warranted and that a complaint should initiate proceedings." <u>Id.</u> at 241. The Court, therefore, held that the FTC issuance of the complaint was not a final agency action. <u>Id.</u> at 239, 242.

Like the FTC in <u>Standard Oil</u>, SEVP/SCB acted pursuant to a regulation that requires SEVP/SCB to issue a NOIW when it has a reason to believe that a school is no longer entitled to approval. <u>See</u> 8 C.F.R. § 214.4(b). In this respect, when SEVP/SCB was informed about the dispute between Mr. Avery and Mr. Ho regarding the ownership of UNVA and the decision-making authority of officers, it issued the NOIW and asked for both parties to provide documentary evidence "supporting [their] claims of ownership and designation authority [to name a PDSO]." As the FTC in <u>Standard Oil</u>, SEVP/SCB did not issue a definitive statement of position, but communicated via the NOIW that further inquiry was warranted and that NOIW proceedings were necessary. Because SEVP/SCB has not made any final agency decision with respect to the Plaintiffs' request to change the PDSO or the NOIW, the Court should not intervene in the NOIW proceedings. <u>See</u> <u>Standard Oil</u>, 449 U.S. at 242 (holding judicial review to determine whether the FTC decided that it had the requisite reason to believe would delay resolution of the ultimate question whether the FTCA was violated, and judicial review of the

14

averments in the FTC's complaints should not be a means of turning prosecutor into defendant before the adjudication concludes).

Plaintiffs also rely on <u>Sierra Club v. Thomas</u>, 828 F. 2d 783 (D.C. Cir. 1987), however, that case is distinguishable from the present case because there was no allegation in <u>Sierra Club</u> that the agency's failure to act constitutes a decision.  In that case, the basis of Sierra Club's complaint was that EPA took an unreasonably long time to promulgate a final rule and that the delay deprived Sierra Club of a different right granted it by Congress.

On the other hand, in this case, "UNVA specifically and directly asked SEVP to change the PDSO immediately starting on March 14, 2008." Docket # 10 at p. 13.  The record then shows that the NOIW was issued two weeks later, which according to the relevant regulations, require a 33-day response period.  A.R., 36-37.  Plaintiffs then filed suit on the day after the expiration of the required 33-day response time for Mr. Avery and Mr. Ho to submit evidence in response to the NOIW.  Docket # 1.  There can be no credible argument that SEVP unreasonably delayed making a decision on Plaintiffs' request prior to the expiration of the required response time for the NOIW.

**4. The Administrative Record Should not be Supplemented.**

Defendant urges this Court to deny Plaintiffs' Motion to Compel Defendants to Supplement the Record with documents that clearly relate to the NOIW proceedings.  Daniel Ho's representation on January 10, 2008, was that Mr. Avery was no longer employed by UNVA.  Mr. Avery's representations on February 15, 2008, were that the management and control of UNVA was in his hands and that Daniel Ho was barred from the school.  <u>See</u> Docket # 5, Exhibit A

15

(Currie Declaration) at ¶¶ 16, 18.  Clearly, there was reason to believe that UNVA was in a state of flux and that a NOIW inquiry was warranted.  Then, on March 14, 2008, Plaintiffs represent, through counsel, that "UNVA specifically and directly asked SEVP to change the PDSO immediately starting on March 14, 2008."  Docket # 10 at p. 13.  Accordingly, the NOIW letters to Messrs. Avery and Ho of March 28, 2008, were the prudent course of action for SEVP to take.  A.R. 36-40.  Once the NOIW administrative factfinding began into the issues, including ownership and control of the school, the agency responsibility was to develop an administrative record on which to base its final decision.  That process is ongoing and no final decision has been rendered. <u>See</u> A.R. 42 & Second Declaration of Diane Currie, Attachment 1, hereto, at ¶ 4.

The APA explicitly limits judicial review of a final agency decision to what was contained in the administrative record upon which the agency based its decision.  5 U.S.C. § 706.  It is well-settled law that judicial review pursuant to the APA's arbitrary and capricious/abuse of discretion standard is a review of ". . . `the administrative record already in existence, not some new record made initially in the reviewing court.'"  <u>Florida Power & Light v. Lorion</u>, 470 U.S. 729, 743 (1985) <u>quoting</u> <u>Camp v. Pitts</u>, 411 U.S. 138, 142 (1973).

Review of agency action is based on the administrative record before the agency <u>at the time that the decision being reviewed was made</u>.  <u>Puerto Rico Higher Education Assistance Corporation v. Riley</u>, 10 F.3d 847, 850-51 (D.C. Cir. 1993) (citing <u>Walter O. Boswell Memorial Hospital v. Heckler</u>, 749 F.2d 788, 792 (D.C. Cir. 1984) (emphasis supplied).  <u>See also</u> <u>Envt'l Defense Fund, Inc. v. Costle</u>, 657 F.2d 275, 284 (D.C. Cir. 1981); <u>Eugene Berger Management Corporation v. United States Dept. of Housing and Urban Development</u>, 192 F.R.D. 1, 4 (D.D.C.

1999) ("Review of agency decisions is not <u>de novo</u>, based on a record created for the first time in the district court, but must be based on the administrative record created before the agency."). "The reviewing court is not generally empowered to conduct a <u>de novo</u> inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." <u>Florida Power & Light</u>, 470 U.S. at 744.  "If a court is to review an agency's action fairly, it should have before it neither more nor less information than did the agency when it made its decision." <u>National Treasury Employees Union v. Hove</u>, 840 F. Supp. 165, 168 (D.D.C. 1994) <u>quoting</u> <u>Walter O. Boswell Memorial Hospital</u>, 749 F.2d at 792. <u>See also</u> <u>United States v. Morgan</u>, 313 U.S. at 409, 421-22 (1941) (limiting discovery protects the "integrity of the administrative process"); <u>Warren Bank v. Camp</u>, 396 F.2d 52, 56-57 (6th Cir. 1968) (depositions of Comptroller of Currency and two subordinates not allowed for purposes of probing why Comptroller granted charter to new national bank); <u>Joseph Moretti, Inc. v. Hoffman</u>, 526 F.2d 1311, 1312 (5th Cir. 1976) (discovery not permitted in action challenging final agency action).

In this case, Defendants have supplied the Administrative Record that formed the basis of the December 6, 2007, approval of Mr. Avery's request to change the PDSO and the March 28, 2008 issuance of the NOIW, however,  Plaintiffs argue that the record has been too narrowly drawn and want to expand it to include their filings in the NOIW proceedings, through April 25, 2008.

Supplementing the administrative record is the exception not the rule. <u>Marshall County Health Care Authority v. Shalala</u>, 988 F.2d 1221, 1226 (D.C. Cir. 1993) ("Challengers to agency action are not . . . ordinarily entitled to augment the agency's record with either discovery or

testimony presented in the district court."). Plaintiffs have not shown why supplementation is necessary. Because Defendants have supplied the Administrative Record that constituted the basis for the approval of Mr. Avery's request to change the PDSO and the NOIW issuance, supplementing the record would not be appropriate in the instant case. Should Plaintiffs' correspondence to the SEVP in March through April 2008 be considered part of the Administrative Record, the Court would necessarily have to include Mr. Avery's filings as well, and any other materials submitted during the NOIW proceedings as Plaintiffs' submissions during that period are considered part of the NOIW record by the agency. As noted above, those proceedings have not been concluded. Thus, with this augmented record, the Court's role would be impermissibly expanded, at the least, to beyond that which is permitted in an APA review case, i.e., to determine the legality of an agency's action before the agency has made a final decision. Should the Court entertain an expansion of the record to include the documents identified by plaintiffs, the proper course for the Court to take is to remand the case to the agency for a review of the record it has submitted. See Aguayo v. Harvey, 476 F.3d 971, 976 (D.C. Cir. 2007) (citing Tourus Records, Inc. V. DEA, 259 F.3d 731 (D.C.Cir. 2001) (quoting Florida Power & Light, 470 U.S. at 744)).

Of additional note, in Plaintiffs' Motion to Compel Defendants to supplement the record, they continue to argue that the second of the two decisions they challenge is "SEVP's decision not to change the PDSO to **Roy** or Daniel Ho when requested to do so." Docket # 8, p. 3 (emphasis added). However, there was no request made to change the PDSO to Roy Ho from December 6, 2007, when he was replaced by Mr. Avery [the subject of the first challenged decision], and

March 28, 2008, the date that SEVP issued the NOIW letters to Messrs. Avery and Ho to provide

information. <u>See</u> Second Declaration of Diane Currie, Attachment 1, hereto, at ¶ 6.  Accordingly,

there is no record before the Court at all that relates to the failure to appoint or reinstate Roy Ho

as PDSO during the relevant period of this case.

  With regard to other arguments presented by Plaintiffs in their cross motion and motion to

supplement the record, Defendants rely on their Opening brief and attachments. Docket # 5.

Defendants have attached a Statement Addressing Plaintiffs' Statement of Material Facts Not in

Dispute.  A proposed order is also attached.

<strong><u>CONCLUSION</u></strong>

  For the reasons set forth herein and in Defendants' Opposition to Plaintiffs' Motion for

Preliminary Injunction and Motion for Summary Judgment, Defendants respectfully request that

this Court deny Plaintiffs' Motion to Compel Defendants to Supplement the record, deny

Plaintiffs' Cross Motion for Summary Judgment and grant Defendants' Motion for Summary

Judgment.

         Respectfully submitted,

          /s/
         JEFFREY A. TAYLOR , D.C. Bar # 498610
         United States Attorney

          /s/
         RUDOLPH CONTRERAS, D.C. Bar # 434122
         Assistant United States Attorney

          /s/
         CLAIRE WHITAKER, D.C. Bar # 354530
         Assistant United States Attorney

19

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

DANIEL F. HO, et al.        )    Civil Action No. 08-757
                           )
      Plaintiffs,         )
                           )
                           )
STUDENT AND EXCHANGE  )
VISITOR PROGRAM,      )
et al.,                   )
                           )
      Defendants.        )
                           )

SECOND DECLARATION OF DIANNE CURRIE

1.    I am the Acting Chief of the School Certification Branch (SCB) which is part of the Student and Exchange Visitor Program (SEVP) at the United States Immigration and Customs Enforcement (ICE), United States Department of Homeland Security.

2.    This declaration is based upon my personal knowledge, information obtained from other individuals employed by ICE and information obtained from records maintained by ICE.

3.    The March 28, 2008 Notice of Intent to Withdraw (NOIW) states "On December 6, 2007, Fay Avery as Chancellor of UNVA along with Bert vanGils as General Counsel for UNVA met with representatives of SEVP and further requested the removal of Daniel Ho." On December 6, 2007, Mr. Avery and Mr.vanGils unexpectedly visited the Skyline offices of the SEVIS help desk to follow up on Mr. Avery's request to change the principal designated school official (PDSO) of the school. No formal meeting occurred because the SEVIS help desk offices do not accept walk-in requests. The SEVIS help desk contacted the SEVP Information Technology Branch Chief, Denise Mackie-Smith. Mr. Avery reiterated his request to Ms. Mackie-Smith on the phone.

4.    The NOIW proceedings are still in process. As part of the NOIW process, SCB will determine, from the responses to the NOIW submitted by Daniel Ho and Mr. Avery, who has the decision-making authority to designate the PDSO for UNVA and who is the proper PDSO pursuant to 8 C.F.R. § 214.3(l)(1). SCB met with Plaintiffs' counsel on April 8, 2008 and then met with Mr. Avery and Mr. vanGils on April 9, 2008. No further meetings with the parties are currently scheduled. No decision has been made.

5.    Even if Mr. Avery were removed as PDSO by the Court prior to the conclusion of the NOIW process, no agency determination has been made whether Daniel Ho currently meets all the requirements for a PDSO under 8 C.F.R. § 214.3(l)(1).

6.    From December 6, 2007 approval of Mr. Avery's request to change the PDSO to the

March 28, 2008 issuance of NOIW, SEVP received no request from Plaintiffs to reinstate Roy Ho as PDSO.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief, and based upon records maintained by ICE.

Executed on June 10, 2008

Dianne Currie
Acting Chief, School Certification Branch
Student and Exchange Visitor Program
U.S. Immigrations and Customs Enforcement
Department of Homeland Security

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DANIEL F. HO, et al.,                    )
                                         )
                     Plaintiffs,         )
                                         )
          v.                             )          Civil Action No. 08-0757 (JDB)
                                         )
STUDENT  AND EXCHANGE VISITOR   )
PROGRAM,  et al.                         )
                                         )
                     Defendants.         )
_____)

**STATEMENT ADDRESSING PLAINTIFF'S STATEMENT**
**OF MATERIAL FACTS NOT IN DISPUTE**

1.  Not disputed, except to explain that  Messrs. Avery and VanGils went to the SEVIS

Helpdesk office to inquire about the PDSO change that had been requested, but no formal

meeting occurred because the SEVIS Helpdesk does not accept walk-in requests.  The SEVIS help

desk contacted the SEVP Information Technology Branch Chief, Denise Mackie-Smith.  Mr. Avery

reiterated his request to Ms. Mackie -Smith on the phone.  See Second Declaration of Diane Currie,

attached hereto, as Attachment 1.

2.-3.  Not disputed, except Defendants state that the letter of March 27, 2008, and its

attachments are the best evidence of their content.  Defendant also states that this letter is not

material to the exhausted issues before the Court.

4.  Not disputed, except that Defendants state that the letter of March 27, 2008, is the best

evidence of its content.  Defendant also states that this letter is not material to the exhausted

issues before the Court

5.-7.  Not disputed and not material. See Responses to ## 2-4, above.  Defendant further

states that the April 1, 2008, letter and its exhibits are the best evidence of their content.

8.-9.  Not disputed and not material. <u>See</u> Responses to ## 2-7, above.  Defendant further states that the April 8, 2008, letter and its exhibits are the best evidence of their content.

10.  The meeting is not disputed and not material to the exhausted issues before the Court. <u>See</u> Responses to ## 2-9, above.

11.-12.  Not disputed and not material here.  <u>See</u> Responses to ## 2-10.  Defendant further states that the April 10, 2008, letter and its attachment are the best evidence of their contents.

13.  Not disputed and not material here. <u>See</u> Responses to ## 2-11.  Defendant further states that the letter of April 16, 2008, is the best evidence of its contents.

14.  Not disputed and not material here.  <u>See</u> ## 2-12.  Defendant further states that the letter of April 25, 2008, is the best evidence of its contents.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


\_\_/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DANIEL F. HO, <u>et al.</u>,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 08-757 (JDB)** |
| | ) | |
| **STUDENT AND EXCHANGE VISITOR** | ) | |
| **PROGRAM, <u>et al</u>.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## <u>ORDER</u>

Upon consideration of Plaintiffs' Motion to Convert Application for Preliminary Injunction to a Cross Motion for Summary Judgment, Plaintiffs' Motion to Compel Defendants to Supplement the Record, Defendants' Motion for Summary Judgment and Opposition to Plaintiffs' Cross Motion and Motion to Supplement, and it appearing that the record in this case supports Defendants' decision to change Principal Designated School Official and to issue a Notice of Intent to Withdraw the University of Northern Virginia's certification to participate in the Student and Exchange Visitor Program, it is this _____ day of _____, 2008

ORDERED, that Plaintiffs' Motion to Convert their Application for Preliminary Injunction to a Cross Motion for Summary Judgment be, and hereby is granted;

FURTHER ORDERED, that Plaintiffs' Motion to Compel Defendants to Supplement the Record be, and hereby is denied;

FURTHER ORDERED, that Defendants' Motion for Summary Judgment be, and hereby is granted as their actions were not arbitrary, capricious or contrary to law, and it is

FURTHER ORDERED, that Plaintiff's Cross Motion for Summary Judgment be, and hereby is denied.

This case is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE