UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL F. HO., *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 08-757 (JDB) |
| STUDENT AND EXCHANGE VISITOR PROGRAM, *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO:
(1) PLAINTIFFS' MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD AND
(2) PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs challenge two distinct decisions the Student and Exchange Visitor Program ("SEVP") made with respect to the University of Northern Virginia ("UNVA"):

(1) SEVP's decision to make Fay Avery the Principal Designated School Official ("PDSO") of UNVA with no notice or opportunity for Plaintiffs to respond to this decision, which was made in violation of SEVP's clear regulations; and

(2) SEVP's decision to refuse to undo the first decision when presented with specific evidence that Avery is no longer employed by UNVA, thus making him ineligible to serve as PDSO under SEVP's regulations.

Defendants attempt to shield these decisions from the Court's review by keeping the dispositive information UNVA submitted to SEVP out of the administrative record and arguing that SEVP has not made any decision at all.

Moreover, Defendants ask this Court not to review SEVP's decisions because of other litigation pending. Defendants completely miss the point that this other litigation is the result of

SEVP's decisions that made Avery PDSO—if SEVP had not placed Avery in control of UNVA then Ho would not have to litigate to try to eject Avery from UNVA and Avery would not be in possession of the school during the course of his lawsuits against Ho. In the case on the fastest track toward resolution, *University of Northern Virginia, Inc. v. Avery, et al.*, No. 208-5145, last week the court entered a temporary injunction against Avery and ordered that a receiver run UNVA pending final resolution of the matter after a trial scheduled to begin on August 11, 2008. It is not clear how the receiver will impact the school's status. It is clear, however, that the final rights of the parties will not be decided for at least another two months by the Virginia courts; the other cases, which raise different issues of ownership, will take longer.

*Need for Immediate Relief:* SEVP's refusal to deal with the situation – and punt to the courts in Virginia – has caused ongoing and immediate harm to UNVA and Dr. and Roy Ho. If SEVP had made a timely decision, the University would be running under the leadership of its owner and chief executive officer. Instead, SEVP's refusal to make a change has placed the in-surgent group in charge pending its voluminous litigation ploy.

Plaintiffs have challenged SEVP's decisions under the Administrative Procedure Act ("APA"). No trial or other evidentiary hearing is needed in APA litigation, and the record before the Court is the administrative record. Accordingly, there is nothing preliminary or tentative about the posture of the case and it can move forward to a prompt and final resolution on the merits. *University Med. Center of S. Nevada v. Shalala*, 173 F.3d 438, 440 n.3 (D.C. Cir. 1999).

## ARGUMENT

SEVP's analysis of this case – including the administrative phase – looks to the wrong starting point. The facts, including both those cherry-picked by the agency to support its view, as

well as those presented by UNVA to the agency, demonstrate the following course of events, which begin with Roy Ho being PDSO:

- Dr. Ho appointed Roy Ho to serve as the PDSO. (Def. Statement of Mat. Fact. ¶ 7).

- Avery forcibly took possession of UNVA, barred Dr. and Roy Ho from the campus, and then made himself PDSO. (*Id.* ¶ 8).

- SEVP did not provide any notice to Roy Ho that he was no longer PDSO. As soon as it became clear to Dr. and Roy Ho that there had been a switch, they attempted to remedy the situation. (*Id.* ¶ 18).

- SEVP spoke to Avery to get his side of events and took everything he said at face value. (*Id.* ¶¶ 20-21).

- SEVP never considered the information Ho submitted to SEVP in support of UNVA's request to change the PDSO to Roy Ho. (*Id.* ¶¶ 26-27). Instead, SEVP left Avery in the position of PDSO while launching its NOIW. (*Id.* ¶ 27).

SEVP, has operated under the assumption that Avery's initial change was legitimate and that UNVA's efforts to have Roy Ho[1] restored as PDSO are illegitimate. This analysis has allowed Avery to retain physical control of the University – including control of access to SEVIS – while he seeks to obtain formal legal control from the courts. As Plaintiffs have said all along, if Avery prevails in Fairfax, then he will have control of UNVA and will be allowed to choose the

---

[1] Counsel apologizes for any confusion caused by the issue of Roy versus Daniel Ho being the PDSO immediately prior to Avery. Counsel was under the impression that Daniel Ho was the PDSO, but learned that it was actual Roy Ho. Plaintiffs did not have access to the SEVIS system, so they were unable to verify the exact situation. SEVP, which did have knowledge and records of Avery's predecessor, never acted to correct or question UNVA's submissions that requested that Dr. Ho be "restored" as PDSO in informal discussions or in the NOIW. Had Counsel been made aware of this confusion, it could have more properly tailored its requests. Nonetheless, its requests were to "restore" the PDSO, and SEVP had every opportunity to rectify this confusion, given its knowledge of the facts.

PDSO (Plaintiffs do not believe this will occur). Until that time, it is inappropriate for SEVP to allow Avery to remain the PDSO.

*Final Agency Action:* Defendants attempt to hide SEVP's errors from the Court by arguing that there was no final agency action. Therefore, Defendants would have the Court ignore all of the evidence UVNA submitted that shows Dr. Ho owns the University and that Avery is no longer an employee because it had already decided to launch the NOIW before Plaintiffs contacted SEVP. This is exactly Plaintiff's argument: SEVP has begun a protracted NOIW proceeding even though UNVA asked it to restore Roy Ho as the PDSO during that process. No matter how SEVP tries to frame this decision, it has made a formal decision to leave Avery as PDSO until it resolves the NOIW proceeding. Plaintiffs agree that SEVP may use the NOIW procedures to investigate the situation at UNVA. Plaintiffs argue, however, that SEVP's decision to issue a NOIW and allow Avery to remain in charge was arbitrary and capricious because it violated the Administrative Procedure Act's ("APA") command that agencies act in a timely fashion. Simply because SEVP has decided to initiate another proceeding that may eventually change the legal status does not mean that it can shield the decision to refuse to make an immediate change – based on new information – from judicial review. *See American Bird Conservancy, Inc. v. FCC*, 516 F.3d 1027, 1031 n.1 (D.C. Cir 2008). Thus, there was final agency action subject to judicial review.

*Scope of Record:* Defendants have conflated the concept of supplementing the administrative record with information that was not before the agency (e.g., declarations, depositions, or other documents), with the concept of which documents must be in front of the Court for it to review SEVP's decision for arbitrariness. UNVA is not seeking to depose SEVP officials or to add additional information to the record. It simply asks that Defendants properly place all of the

documents UNVA submitted in the record for the Court to consider when evaluating SEVP's actions under the arbitrary and capricious standard. *Esch v. Yeuter*, 876 F. 2d 976, 991 (D.C. Cir. 1987); *Pacific Shores Subdivision v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 5-6 (D.D.C. 2006)

*SEVP's Arbitrary Actions:* The record is clear that Avery managed to have himself made PDSO based solely on *ex parte* communications with SEVP. As soon as the Hos realized what had happened, they sought to have the decision reversed. SEVP took all of Avery's assertions at face value and never spoke with Dr. or Roy Ho. UNVA then retained counsel to seek assistance and submitted scores of pages of documentation. Regardless of when SEVP initiated an NOIW, it refused to make an immediate change based on the information the owner of the school provided. This information goes to the heart of what is alleged to be arbitrary and capricious: SEVP's refusal to take immediate action. This information is part of the record before the agency and should be the basis of the Court's review for two reasons. First, if the agency reviewed the evidence before refusing to make an immediate change, then it certainly was part of the agency's decision-making process. Second, if the agency never looked at the evidence, then its refusal to consider highly relevant documents is further proof that SEVP acted arbitrarily and capriciously.

*Summary Judgment:* Thus, the Court should have before it all of the information UNVA submitted to SEVP. With that information in front of it, it is clear that SEVP's decision to make Fay Avery the PDSO was contrary to SEVP's regulations and done with no due process for UNVA or its owner. Moreover, SEVP's refusal to change the PDSO, when presented with compelling evidence, is also arbitrary and capricious. The agency cannot ignore UNVA's pleas under the position that it is waiting for the NOIW to resolve itself. Rather, it has denied UNVA the

right to prompt administrative action while allowing Avery to remain PDSO. As such, Plaintiffs are entitled to summary judgment.[2]

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that the Court issue an order directing Defendants to produce the documents identified in Exhibits B, C, and E through J to Plaintiffs' Memorandum in Support of Plaintiffs' Motion for a Temporary Restraining Order and/or a Preliminary Injunction as part of the administrative record for review before this Court. Moreover, Plaintiffs respectfully request that the Court grant their cross motion for summary judgment and vacate SEVP's decision making Fay Avery the PDSO for UNVA, which will restore Roy Ho to his rightful position of PDSO.

Respectfully submitted,

/s/ Ronald M. Jacobs
Ronald M. Jacobs
   (D.C. Bar No. 479842)
   (202) 344-8215
   rmjacobs@venable.com
D. Edward Wilson, Jr.
   (D.C. Bar No. 932178)
   (202) 344-4819
   dewilsonjr@venable.com
VENABLE LLP
 575 7th Street, N.W.
 Washington, D.C. 20004-1601

June 16, 2008                                                                            *Counsel for Plaintiffs*

---

[2] Plaintiffs do not dispute any of Defendants factual assertions made in Defendants' Statement of Material Facts Not in Dispute, which is why Defendants did not raise any issues with those facts. Plaintiffs' believe that all of the facts presented by Defendants support their position that SEVP's decisions were arbitrary, capricious, and contrary to law. Moreover, Plaintiffs have submitted additional facts that are relevant to the Court's review of SEVP's decisions, in its Statement of Material Facts Not in Dispute.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th Day of June 2008, Plaintiffs' Reply to Defendants' Opposition to: (1) Plaintiffs' Motion to Supplement administrative Record and (2) Plaintiff's Cross-Motion for Summary Judgment was served by the Court's ECF filing system on the following:

    Claire Whitaker
    Assistant United States Attorney
    United States Attorneys Office
    Civil Division
    555 4th Street, N.W., Room E-4204
    Washington, D.C. 20530
    (202) 514-7137
    claire.whitaker@usdoj.gov

    Reginald Rowan
    reginald.rowan@usdoj.gov

                                                    /s/ Ronald M. Jacobs
                                                    Ronald M. Jacobs