UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL F. HO., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 08-757 (JDB) |
| ) | |
| STUDENT AND EXCHANGE ) | |
| VISITOR PROGRAM, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS AS MOOT**

As the Government has explained in its Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss as Moot, Daniel Ho is now the Principal Designated School Official ("PDSO") for the University of Northern Virginia ("UNVA") because Fay Avery has resigned from the school. Although there may be a superficial appeal to having this case dismissed as moot, there remains a real and concrete harm to UNVA. Specifically, UNVA remains subject to having the Student and Exchange Visitor Program ("SEVP") withdraw UNVA's authority to admit non-immigrant students based on Mr. Avery's actions as PDSO. *See* 8 C.F.R. § 214.4. This Court should remedy that harm by vacating SEVP's initial order naming Fay Avery PDSO because that order was arbitrary and capricious.

Alternatively, if the Court believes that the case is moot, the proper remedy is also vacatur of SEVP's order naming Mr. Avery the PDSO for the period from January through July. Vacatur – the D.C. Circuit's prescribed remedy in situations where the case becomes moot – avoids

the potential harm that could result from an agency order that remains outstanding, but unreviewable, because the opportunity for judicial review has become moot.

## ARGUMENT

**I.     The Case is Not Moot Because UNVA Faces Sanction for the Actions of Mr. Avery.**

   **A.     There is still a live controversy.**

The Government argues that once SEVP made Dr. Ho the PDSO on July 17, the case became moot because "the court can grant no meaningful relief." (Def. Mem. in Supp. of Motion to Dismiss at 5 [Dk. No. 16]). This is simply not true: the Court can provide important protection to UNVA against regulatory action by SEVP based on Mr. Avery's actions as PDSO from December 6, 2007 to July 17, 2008. (*See* Ex. B ¶¶ 8-9 to Defendants' Motion to Dismiss or for Summary Judgment [Dk. No. 5-4] and Attachment 5 ¶ 7 to Defendants' Motion to Dismiss as Moot [Dk. No. 16-6]).

Plaintiffs have requested the order naming Avery PDSO be vacated. Vacating this order would not only serve to remove Avery as PDSO – which Plaintiffs agree has occurred – but would shield the school from sanction by SEVP for Avery's actions as PDSO. Simply put, "whatever harm accrued as a result of [SEVP's] order did not suddenly vanish when," Dr. Ho became PDSO on July 17. *Southern California Edison Co. v. FERC*, 443 F.3d 94, 99 (D.C. Cir. 2006) (rejecting mootness claim even though the underlying statute and regulations, on which the challenged decision were based, had been repealed because "whether [FERC] acted arbitrarily and capriciously in 2004 remains very much live"). Thus, as explained below, this is a situation where there is a showing of "'continuing, present adverse effects.'" *Southwestern Bell Telephone Co. v. FCC*, 168 F.3d 1344, 1351 (D.C. Cir. 1999) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

### B.    UNVA is subject to revocation for Avery's actions.

SEVP regulations provide that SEVP's approval of a school to accept "nonimmigrant students will be withdrawn on notice if the school…is no longer entitled to the approval for any valid and substantive reason." 8 C.F.R. § 214.4(a)(1). The regulations include a list of reasons for withdraw that include, *inter alia*:

- "Failure of a designated school official to notify [SEVP] of the attendance of an F-1 transfer student…"
- "Willful issuance by a designated official of a false statement or certification in connection with a school transfer"
- "Any conduct on the part of a designated official which does not comply with the regulations"
- "The designation as a designated official of an individual who does not meet the requirements [of the regulations]"
- "Failure to submit statements of designated officials"
- "Issuance of [immigration forms] to students without receipt of proof that the students have met scholastic, language or financial requirements"
- "Issuance of [immigration forms] to aliens who will not be enrolled in or carry full courses of study"
- "Failure to employ qualified professional personnel"
- "Failure of a designated school official to notify [SEVP] of material changes to the school's name, address, or curriculum."

*Id.* Thus, *the school* may be punished for the conduct of the designated official, which, from December 6, 2007 to July 17, 2008 was Fay Avery.

Mr. Avery served as PDSO over the objections of Dr. Ho, only because – as explained in Plaintiffs' complaint and prior briefs – SEVP arbitrarily and capriciously, and contrary to SEVP's own regulations, made Mr. Avery the PDSO. Indeed, Dr. Ho and UNVA urged SEVP to remove Avery as PDSO immediately because he was violating a number of regulations. (*See* Ex. F to Plaintiffs' Motion for a Temporary Restraining Order and/or a Preliminary Injunction [Dk. No. 3-7]). Thus, there is a real threat that SEVP could withdraw UNVA's approval to accept foreign students because of the actions of the individual whom SEVP authorized to act as PDSO.

This ongoing harm demonstrates not only that the case still presents a live controversy, but also crystallizes why SEVP's actions were arbitrary and capricious. UNVA faces potentially ruinous administrative sanctions based solely on the conduct of the individual whom SEVP designated as the PDSO over the objections of the owner and board of directors of UNVA. It did so without providing any procedural protections for UNVA and its owner. Moreover, SEVP's decision violated its own regulations, and its refusal to change the PDSO once UNVA and Dr. Ho became aware of Mr. Avery's usurpation was further contrary to law. Unless this decision is vacated, UNVA may now be sanctioned for the actions of this interloper, who was acting without approval of the school, but with approval of the Government.

Accordingly, this case still presents actual conflict between the parties and a decision by the Court vacating SEVP's order naming Mr. Avery PDSO on the ground that this decision was arbitrary and capricious would shield UNVA from potential withdrawal of its approved status. Although the Government may argue that this issue could be presented as a defense to any Notice of Intent to Withdraw, the very issuance of such a notice would require a costly response and would require the school to make arguments that SEVP has already rejected—if it had not rejected such arguments, this case would never have been brought.

**II.     If the Court Determines the Case is Moot Because Dr. Ho is now the PDSO, it Should Enter an Order Vacating SEVP's Decision to Appoint Avery as PDSO from December 6, 2007 to July 17, 2008.**

Plaintiffs face a very real threat that SEVP could – indeed the regulations provide that SEVP "will" – revoke UNVA's authority to accept foreign students based on Avery's conduct as PDSO. If the Court believes this harm is too speculative, however, the proper remedy is not merely to dismiss the case, but to vacate the underlying agency order. *See, e.g.*, *American Family Life Assurance Co. of Columbus v. FCC*, 129 F.3d 625, 630-631 (D.C. Cir. 1997). The D.C. Circuit has explained that in situations where it is "'speculative' whether leaving the Order standing could cause some residual harm," vacating the underlying agency order when the case has become moot "puts the speculation to rest." *Id.* at 631; *see also Columbian Rope Co. v. West*, 142 F.3d 1313, 1318 (D.C. Cir. 1998) ("Because the instant case has become moot due to the expiration of the contract, vacatur is appropriate, and, as ordered, meets [Plaintiff's] concerns regarding the possible preclusive effect of the district court judgment and SBA decisions.").

Plaintiffs appreciate that vacatur is not appropriate when "'the party seeking relief from the judgment below caused the mootness by voluntary action' in settling the case." *Id.* at 630.[1] Here, however, it is the Defendant SEVP that potentially mooted Plaintiffs' claims, by making Dr. Ho the PDSO, not the plaintiffs. Accordingly, this exception to the rule does not apply and "as a matter of course" the Court should "vacate[] agency orders in cases that have become moot by the time of judicial review." *Id.*; *see also West*, 142 F.3d at 1318 & n.5 (vacating agency decision *sua sponte* when case became moot).

---

[1] Defendants note that the litigation in Virginia state court between Dr. Ho and Mr. Avery has been settled. This is accurate. Although the terms of the settlement are confidential, it is possible to state that Mr. Avery – and those who are a part of his faction – have agreed to dismiss all of their claims, renounced any ownership interest in UNVA, and have resigned from any positions they allegedly held with UNVA. In short, Mr. Avery and his faction are no longer, in any way, affiliated with UNVA, nor are the asserting that they are affiliated with UNVA. Plaintiffs had been waiting for the cases to all be dismissed formally before notifying the Court of this development given several false starts in the settlement process.

## **CONCLUSION**

For the forgoing reasons, the Court should deny Defendants' Motion to Dismiss as Moot because there is a live controversy that a decision by this Court can remedy. If the Court finds this controversy to be too speculative, however, the proper remedy is not merely dismissal, but vacatur of SEVP's decision naming Mr. Avery the PDSO.

                      Respectfully submitted,

                      /s/ Ronald M. Jacobs
                      Ronald M. Jacobs
                         (D.C. Bar No. 479842)
                         (202) 344-8215
                         rmjacobs@venable.com
                      D. Edward Wilson, Jr.
                         (D.C. Bar No. 932178)
                         (202) 344-4819
                         dewilsonjr@venable.com
                      VENABLE LLP
                      575 7th Street, N.W.
                      Washington, D.C. 20004-1601

August 21, 2008                       *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st Day of August 2008, Plaintiffs' Opposition to Defendants' Motion to Dismiss as Moot was served by the Court's ECF filing system on the following:

    Claire Whitaker
    Assistant United States Attorney
    United States Attorneys Office
    Civil Division
    555 4th Street, N.W., Room E-4204
    Washington, D.C. 20530
    (202) 514-7137
    claire.whitaker@usdoj.gov

    Reginald Rowan
    reginald.rowan@usdoj.gov

    /s/ Ronald M. Jacobs
    Ronald M. Jacobs