UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL F. HO, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>STUDENT AND EXCHANGE VISITOR )<br>PROGRAM, et al. )<br>)<br>Defendants. )<br>_____) | Civil Action No. 08-0757 (JDB) |

**REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS AS MOOT**

**I. Introduction.**

Defendants moved to dismiss this case because the controversy between the parties is now moot.  Docket Entry # 16.  Indeed, Daniel Ho's (aka Dr. Ho) appointment as Principal Designated School Official ("PDSO") for the University of Northern Virginia ("UNVA"), by the head of the school, James Dillard, following Fay Avery's resignation from the school, occurred through the actions of Plaintiffs. There is no need for an injunction or declaratory action by this Court as alleged in the Complaint. Docket Entry # 1.  Accordingly, there is no case or controversy for this Court to consider.

Notwithstanding the lack of a case or controversy, Plaintiffs, in their opposition attempt to reframe their entire case as one involving a "real and concrete harm to UNVA," a harm not raised in the Complaint.  Docket Entry # 17, Plaintiff's Opposition ("Pl. Opp.") at p. 1.  In their opposition, they make no challenge to an ongoing policy of Defendants, but only attack an isolated action by the Student and Exchange Visitor

Program ("SEVP") that is not capable of repetition. Moreover, they point to no exception to the mootness doctrine that would apply here. Accordingly, Defendants respectfully urge the Court to grant their motion.

## II. Factual Representations in Plaintiffs' Opposition.

In an attempt to avoid dismissal of their case based on mootness, Plaintiffs make factual representations that are either inaccurate on their face or are misleading. Five of these representations are noteworthy.

First, Plaintiffs state that Daniel Ho is now the PDSO for UNVA "because Fay Avery has resigned from the school." Pl. Opp. at p. 1. This is misleading. As previously cited by the Defendants, and more fully discussed *infra*, the regulations set forth at 8 C.F.R.§ 214.3(l)(1) describe the process by which a party becomes a PDSO. Specifically, 8 C.F.R. § 214.3(l)(1) provides that "[t]he PDSO. . . must be named by the president, owner, or head of a school or school system." Regardless of Mr. Avery's resignation, **Daniel Ho is the PDSO only because James Dillard, the head of UNVA, formally requested SEVP under 8 C.F.R. §214.3(l)(1) to make Daniel Ho the PDSO.** Docket Entry # 16, Attachment 5 (Fourth Declaration of Diane Currie), ¶¶ 6-7.

Second, Plaintiffs allege that SEVP "<u>made</u> Mr. Avery the PDSO" [Docket Entry # 17, p. 4, emphasis added], however, that statement is also misleading and, indeed, inaccurate. As set forth by 8 C.F.R. § 214.3(l)(1), SEVP does not unilaterally "make" anyone PDSO; SEVP approves a party to be PDSO only after such party is named by the "president, owner, or head of the school." Docket Entry # 5, Attachment A (Declaration of Dianne Currie), ¶ 7. In this respect, **Plaintiffs admitted that Avery was the**

**Chancellor at the time of his request and that he had authority under the regulations to change the PDSO designation.** *See* Docket #10, p. 9; Docket #3, p. 14; Exh E., thereto, p. 2. Therefore, it was UNVA's undisputed Chancellor who made himself PDSO; SEVP merely approved such request after verifying Mr. Avery's authority to make such a request.

Third, Plaintiffs inaccurately claim that "SEVP designated [Mr. Avery] as the PDSO over the objections of the owner and board of directors of UNVA." Pl. Opp. at p. 4 (emphasis added). As the record has shown, **Plaintiffs did not even contact SEVP until long after SEVP approved Mr. Avery's request to change the PDSO on December 6, 2007.** Docket Entry # 5, Attachment A, ¶ 15. Therefore, Plaintiffs' above statement is incorrect as all objections to Mr. Avery being PDSO arose after the fact.

Fourth, Plaintiffs state that "[Mr. Avery] was acting without approval of the school, but with approval of the Government." Pl. Opp. at p. 4 (emphasis added). Defendants wish to clarify potentially misleading interpretations of this statement. First, **Mr. Avery initially became PDSO not only with Defendant's approval, but with UNVA's approval as well, as it is undisputed that Mr. Avery was UNVA's Chancellor and qualified under the regulations to make his request to change the PDSO on behalf of UNVA**. Docket Entry # 10, p. 9; Docket Entry # 3, p. 14; Exhibit E, thereto, p. 2. Second, a PDSO must follow existing regulations when performing duties as a PDSO, such as issuing Forms I-20 for the attendance of a nonimmigrant student, keeping student records, or notifying SEVP of changes to the school or a student's status,

all such actions are performed independently by said school official.  *See. e.g.,* 8 C.F.R. 214.3(g) and (k).

Last, and as further discussed *infra*, Plaintiffs state that SEVP "ma[de] Dr. Ho the PDSO, not the plaintiffs."  Pl. Opp. at p. 5.   This, too, is inaccurate.   It was Mr. Dillard, as head of UNVA, who requested SEVP to appoint Dr. Ho the PDSO.  Docket Entry # 16 (Fourth Declaration of Dianne Currie), ¶¶ 6, 7.  Although SEVP approved Mr. Dillard's request, **Dr. Ho could not have been made PDSO unless UNVA's qualified representative first made a request pursuant to 8 C.F.R. § 214.3(l)(1) and Dr. Ho thereafter accepted such position**.  *Id.* at ¶ 7.  Therefore, it was UNVA, via Mr. Dillard, its authorized agent and head of school, as well as Daniel Ho, who are primarily responsible for making Daniel Ho the PDSO.

In any event, Plaintiffs failed to set forth a statement of materials facts addressing Defendants' Statement of Material Facts Not in Dispute filed with Defendants' first dispositive motion that addressed the highlighted facts and, therefore these facts may be deemed admitted under Local Rule LCvR 7(h). Docket Entry # 5, Statement of Material Facts Not in Dispute, ¶¶ 7, 14, 15, 16, 18.

### III.  DISCUSSION

#### A.  Plaintiffs' Controversy as Alleged in the Complaint Is Moot.

According to Article III of the Constitution, federal court jurisdiction is limited to "actual, ongoing controversies." *McBryde v. Comm'n to Review Circuit Council Conduct & Disability Orders of the Judicial Conference of the U.S.,* 264 F.3d 52, 55 (D.C. Cir. 2001) (internal citation and quotation omitted).  "If events outrun the controversy such

that the court can grant no meaningful relief, the case must be dismissed as moot." *Id.* "Mootness deprives the Court of its ability to take remedial action because 'there is nothing for [the court] to remedy, even if [it] were inclined to do so.'" *Sharp v. Rosa Mexicano ,D.C. LLC,* 496 F.Supp.2d 93, 97 (D.D.C. 2007) (quoting *Spencer v. Kemna,* 523 U.S. 1, 18, (1998)). Therefore, "[w]here only injunctive or declaratory relief is requested, and events have so transpired that the controversy has ended and there is no remedy for the court to impose, a controversy is moot unless one of the exceptions to mootness applies." *Id.* (internal citation omitted).

In this case, Plaintiffs' Complaint sought only injunctive and declaratory relief to effect the removal of Mr. Avery as PDSO and the subsequent appointment of Daniel Ho as PDSO. Both actions have occurred and no exception to the mootness doctrine applies.

First, Defendants agree with Plaintiffs that Mr. Avery resigned, both as PDSO and from his position with UNVA. Docket Entry # 16, Attachment 5, ¶¶ 5-6; Pl.Opp. at p. 5, n.1. Even if he did not resign, however, Mr. Dillard, in his authority as head of UNVA, named Daniel Ho as PDSO and SEVP approved said request. Docket Entry 16, Attachment 5, ¶¶ 6-7. Because Plaintiffs have undisputedly already obtained everything they sought in the Complaint, their Complaint is moot. *See Better Government Ass'n v. Department of State,* 780 F.2d 86, 91 (D.C.Cir.1986); *see also Adam v Chertoff*, No. 05-1710 (RMC) 2006 WL 3334962, at *1 (D.D.C. Nov. 16, 2006) (holding that plaintiff's case which sought order compelling agency to adjudicate petition was rendered moot after agency denied petition).

Plaintiffs have not shown, or even argued, that either of the two exceptions to the mootness doctrine apply, *i.e.* that the action was "capable of repetition yet evading review" and that there was a "voluntary cessation" by Defendants. Because (1) Plaintiffs' specific claims in the Complaint have been resolved, (2) they made no challenge to some ongoing underlying policy, but merely attacked an isolated SEVP decision approving Mr. Avery's request to change the PDSO and SEVP's failure to replace him with Daniel Ho**,** and (3) no exception to the mootness doctrine applies**,** then the mooting of their specific claims moots any claim for a declaratory judgment that the specific action was unlawful. *See City of Houston, Texas v. Dep't of Housing and Urban Dev.,* 24 F.3d 1421, 1429 (D.C.Cir. 1994).

Plaintiffs have alleged that only one speculative, hypothetical injury which was not raised in the Complaint now remains, as discussed *infra*.

### B.  Plaintiffs should be Estopped From Asserting Broader Harm Than Alleged in the Complaint

Plaintiffs now allege in their Opposition, for the first time, that the "live controversy" still remaining is that UNVA "may be punished" by SEVP, or that UNVA may suffer potential withdrawal of its approved status, as a result of alleged actions that Mr. Avery may have performed while he was PDSO. Pl. Opp. at p. 3-4. In performing a mootness inquiry, however, "[t]he allegations in the complaint, rather than the briefs, dictate what specific claims are before the court." *Del Monte Fresh Produce Co. v. U.S.*, No. 07-2143(JDB), 2008 WL 2746051, at *4 (D.D.C. July 16, 2008) (citations omitted). In this vein, "where plaintiffs are resisting a mootness claim ... they must be estopped to assert a broader notion of their injury than the one on which they originally sought

relief." *Id*.(citations omitted).   Here, Plaintiffs' Complaint alleged only the loss of reputation and reduction of enrollment, as the injuries caused by the SEVP's approval of Mr. Avery's request to be PDSO.    Plaintiffs, however, did not allege in the Complaint that UNVA's existing approval to accept nonimmigrant students was ever in jeopardy of revocation from a "[future] regulatory action" as a result of Mr. Avery's "conduct" as PDSO, nor did Plaintiffs ever seek to vacate the SEVP's decision.  Pl.Opp. at pp. 2, 3.[1] Because Plaintiffs' attempt to reframe their "controversy" as a broader notion of injury than alleged in the Complaint, they should be estopped from asserting such "controversy" now.  *See Fraternal Order of Police, D.C. v. Rubin*, 134 F.Supp.2d 39, 43 (D.D.C. 2001) (holding plaintiffs were estopped from asserting injury from systematic agency conduct in resisting a mootness claim when the complaint only challenged an isolated agency investigation).

### C. The Court Cannot Consider Hypothetical and/or Speculative Potential Harm.

Even if this Court looked beyond the Complaint in evaluating Defendants' mootness claim,  Plaintiffs' only allegation of "potential" harm could only exist upon a future, hypothetical chain of events.  The law provides that federal courts have no power to render advisory opinions upon a hypothetical state of facts.  *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).   In this respect, "[e]ven where a suit presented a live controversy when filed, the mootness doctrine requires a federal court to refrain from

---

[1] Although Defendants characterized Plaintiffs' Complaint as seeking the vacatur of SEVP's decision approving Mr. Avery's request [Docket Entry # 16, Supporting Memorandum, p. 1], upon further review of the Complaint, this characterization was incorrect.  Plaintiff never sought such relief.  *See* Docket Entry # 1.

deciding it if events have so transpired that the decision will not affect the parties' rights <u>presently</u> and will not have a '<u>more-than-speculative</u>' chance of affecting them in the future." *Johnson v. District of Columbia*, 48 F.R.D. 46, 56 (D.D.C. 2008) (citing *Clarke v. United States*, 915 F.2d 699, 701 (D.C.Cir.1990)) (emphasis added); *see Transwestern Pipeline Co. v. FERC,* 897 F.2d 570, 575 (D.C.Cir.1990). The United States Court of Appeals for the District of Columbia explained as follows:

> Courts are less willing, however, to speculate as to the likely outcome of *future* events. This is not because such predictions are inherently less accurate than are assessments of how past events would have turned out if certain factors had been different. Rather, it is because a court asked to make predictive judgments often has the option of waiting to see what does in fact transpire before issuing a legal ruling. We do not suggest that the prospect of future injury can never be a sufficient basis for invoking the judicial power. Standing to seek review may be premised on " 'actual or threatened injury,' " Particularly where the likelihood of future harm is demonstrably high, it is often appropriate for courts to intervene before the feared event occurs. <u>Judicial review should not, however, be premised on the bare possibility that agency action may ultimately lead to cognizable injury.</u>

*Friends of Keeseville, Inc. v. FERC*, 859 F.2d 230, 234 (D.C.Cir.1988) (emphasis added) (citations omitted); *see Clarke*, 915 F.2d at 702 (holding "zero risk" of future adverse agency action is <u>not</u> the test in a mootness inquiry for determining whether an agency decision may affect a party in the future); *see also O'Shea v. Littleton*, 414 U.S. 488, 497-98 (1974) (holding speculation that plaintiff would be arrested, without any imminent prosecutions contemplated against them, is simply too remote to satisfy the case-or-controversy requirement and permit adjudication by a federal court).

Plaintiffs' "controversy," as now alleged, only exists if the following events occur: (1) SEVP hypothetically determines <u>in the future</u> that it has reason to believe that UNVA is no longer entitled to approval pursuant to 8 C.F.R. § 214.4(a)(1) as a result of

an action committed by Mr. Avery while he was PDSO; (2) SEVP then issues, pursuant to 8 C.F. R. § 214.4(b), a Notice of Intent To Withdraw ("NOIW") approval to UNVA to inquire into said hypothetical conduct, and (3) after going through the full administrative NOIW process, which includes full notice and an opportunity to be heard, including the right to appeal, SEVP hypothetically determines, in the exercise of its discretion after reviewing all the evidence, to withdraw UNVA's approval to accept nonimmigrant students after finding that such hypothetical conduct warranted such a drastic response. In short, Plaintiffs ask the Court to provide "protection against [future] regulatory action," or, in other words, render an advisory opinion upon a hypothetical state of speculative facts and events.  Pl.Opp., p. 2; *See Friends of Keeseville, Inc*., 859 F.2d at 234, (judicial review may not be premised on "bare possibility" that agency action would lead to injury).   Because the only alleged harm is purely hypothetical, dependent upon a series of speculative facts and hypothetical administrative decisions made after hypothetical future administrative actions, there is no controversy remaining at all.  *See Center for Science in the Public Interest v. Regan*, 727 F.2d 1161, 1166 (D.C. Cir. 1984) (holding it constitutionally impermissible to decide a hypothetical on a hypothetical).

    **D. Plaintiffs are Not Entitled to a Vacatur of the
   SEVP's December 6, 2007, Approval of Mr. Avery's
   Request to be PDSO.**

        **1. Legal Standard of Vacatur**

Courts dispose of moot cases "in the manner 'most consonant to justice' ... in view of the nature and character of the conditions which have caused the case to become moot." *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 24 (1994).

(citations omitted).   Vacatur "is an equitable remedy, not an automatic right." *Nat' Black Polce Ass'n v. District of Columbia*, 108 F.3d 346, 351 (D.C. Cir. 1997)  (quoting *U.S. Bancorp Mortgage Co.,* 513 U.S. at 24).  Plaintiffs bear the burden of demonstrating "equitable entitlement to the extraordinary remedy of vacatur." *U.S. Bancorp*, 513 U.S. at 26; *see also Nat'l Black Police Ass'n*, 108 F.3d at 351 (noting "*Bancorp's* presumption against vacatur").

"A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment."  *U.S. Bancorp Mortgage Co,* 513 U.S. at 25.   Therefore, "[o]f prime consideration ... 'is whether the party seeking relief from the judgment below <u>caused the mootness by voluntary action</u> . . .' " *N. Cal. Power Agency v. Nuclear Regulatory Comm'n*,  393 F.3d 223, 225 (D.C. Cir. 2004) (quoting *U.S. Bancorp Mortgage Co.*, 513 U.S. at 24) (emphasis added).  "[I]f the party who lost below did not cause the case to become moot, that is, if happenstance or the actions of the prevailing party ended the controversy, vacatur remains the standard form of relief." <u>Id.</u> (internal citations omitted). "Vacatur is in order when mootness occurs through happenstance--circumstances not attributable to the parties...." *Humane Soc. of U.S. v. Kempthorne*, 527 F.3d 181, 187 (D.C. Cir. 2008) (citing *Arizonans for Official English,* 520 U.S. 43, 71 (1997)).  Thus, in any determination considering vacatur, "[t]he distinction between litigants who are and are not responsible for the circumstances that render the case moot is important." *United States v. Garde*, 848 F.2d 1307, 1311 (D.C. Cir. 1988).

### 2. Vacatur is Not Appropriate Because the Mootness Occurred as a Result of Plaintiffs' Actions.

Plaintiffs in this case clearly have not met their burden of their entitlement to vacatur. Although Plaintiffs claim that SEVP mooted this case, the facts show that Plaintiffs themselves, and not SEVP or "happenstance," caused this case to become moot. Specifically, Plaintiffs UNVA and Daniel Ho consented to the Virginia Circuit Court appointing James Dillard to be the head of UNVA, or "chancellor." Docket Entry # 16, Attachment 1; Attachment 2 at pp. 9:20-21, p. 11:10, p. 12:2-3, p. 16:7-8, p. 23:8-14; Attachment 3, p. 13:7. Once appointed, Mr. Dillard acted as UNVA's head of school by formally requesting to SEVP to appoint Daniel Ho the PDSO. *Id.* Attachment 5 (Fourth Declaration of Dianne Currie), ¶¶. 6, 7. The regulations at 8 C.F.R. § 214.3(l)(1) provide that "[t]he PDSO. . . must be named by the president, owner, or head of a school or school system;" therefore, SEVP has no regulatory authority to unilaterally appoint a person to be PDSO, and although SEVP approved Mr. Dillard's request, Daniel Ho could not have been made UNVA's PDSO without (1) UNVA's head of school making such a request pursuant to 8 C.F.R. § 214.3(l)(1) and (2) ultimately, Daniel Ho accepting such position, once approved by SEVP. Docket Entry # 5, Attachment A, ¶ 7. Therefore, this case is now moot not because of happenstance or SEVP's unilateral actions, but because of actions directly attributable to Plaintiffs; specifically, UNVA's agent, Mr. Dillard, exercised his authority under 8 C.F.R. § 214.3(l)(1) to appoint Daniel Ho as PDSO.[2]

---

[2] Plaintiffs do not dispute that Daniel Ho is now the PDSO. Although not relevant to this mootness inquiry, please note that Daniel Ho did not become PDSO pursuant to Plaintiffs' interpretations of the regulations, but rather became PDSO in the same manner as Mr. Avery, through the formal request from the head of the school. Docket Entry # 5,

An additional reason this case is now moot resulted from Plaintiffs' settlement with Mr. Avery in the Virginia litigation. Vacatur is not appropriate when the party seeking relief from the judgment below caused the mootness by settling the case. *See American Family Life Assur. Co. of Columbus v. F.C.C.,* 129 F.3d 625, 630 (D.C. Cir. 1997). Here, Plaintiffs admit that the Virginia litigation between Plaintiffs and Mr. Avery has been settled and that, pursuant to such settlement agreement, Mr. Avery has renounced any ownership interest in UNVA and resigned from UNVA. Pl.Opp. at p. 5, n. 1. Therefore, by Plaintiffs' entry into this settlement agreement, the events alleged in the Complaint are not capable of repetition because (1) Mr. Avery can no longer appoint a PDSO under 8 C.F.R. § 214.3(l)(1), as he is no longer the owner or head of UNVA, and (2) Mr. Avery no longer qualifies to be appointed as PDSO under the same regulation because he is not a "regularly employed member of the school administration." *See* 8 C.F.R. § 214.3(l)(1).

## III. CONCLUSION

For the reasons set forth herein and in Defendants' Motion to Dismiss as Moot, it is respectfully requested that Defendants' motion be granted. A proposed order is attached.

                                          Respectfully submitted,

                                          /s/
                                        JEFFREY A. TAYLOR , D.C. Bar # 498610
                                        United States Attorney

---

Attachment A, ¶ 11 and Docket Entry # 16, Attachment 5, ¶ 6.

>                /s/
> RUDOLPH CONTRERAS, D.C. Bar # 434122
> Assistant United States Attorney
>
>                /s/
> CLAIRE WHITAKER, D.C. Bar # 354530
> Assistant United States Attorney