**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DANIEL F. HO., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 08-757 (JDB) |
| STUDENT AND EXCHANGE VISITOR PROGRAM, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' RESPONSE TO MINUTE ORDER OF AUGUST 14, 2008
AND MOTION TO STAY PROCEEDINGS**

As part of Defendant's Response to Minute Order of August 14, 2008, and Motion to Stay Proceedings, the Government has provided the Court with a list of the documents in the Court's possession that make up the administrative record for the Court's consideration. Plaintiffs agree that Exhibits B, C, and E through J of its Motion for a Temporary Restraining Order and/or Preliminary Injunction (Dk. Nos. 3-3, 3-4, 3-6, 3-7, 3-8, 3-9, 3-10, and 3-11) are the documents that should be included in the administrative record for the Court's consideration. The University of Northern Virginia ("UNVA") submitted these documents to the Student and Exchange Visitor Program ("SEVP") in an attempt to convince SEVP to approve UNVA's request that Daniel Ho (not Fay Avery) be permitted to serve as the Principal Designated School Official ("PDSO") – that is, to "make" him the PDSO – and they should therefore be part of the record the Court considers when evaluating SEVP's decision.

Defendants have also moved the Court to stay the proceedings pending decision of the

Motion to Dismiss. The Court, of course, will decide the motions before it in the order that it sees fit (thus, if the Court wishes to enter a formal order staying the case while it decides the Motion to Dismiss, Plaintiffs do not object) because all briefing is complete for the issues before the court:

1.) If the case is moot, as Plaintiffs contend, then the Court should vacate SEVP's decision approving Avery as the PDSO. Vacating the decision will prevent UNVA from suffering regulatory harm resulting from Avery's tenure as PDSO, which was possible only because of SEVP's approval, made over the objections of UNVA (i.e., the action complained of in this litigation). This is the proper remedy because it is SEVP's recent decision to approve Dr. Ho as the PDSO that potentially mooted the case; or

2.) If the case is not moot, the Court should make the documents UNVA submitted to SEVP to seek a change in PDSO part of the administrative record and grant Plaintiffs' motion for summary judgment. SEVP's refusal to accept UNVA's request to change the PDSO was arbitrary and capricious and contrary to law and therefore the decision should be vacated at the Court's earliest convenience.

Respectfully submitted,

/s/ Ronald M. Jacobs
Ronald M. Jacobs
  (D.C. Bar No. 479842)
  (202) 344-8215
  rmjacobs@venable.com
D. Edward Wilson, Jr.
  (D.C. Bar No. 932178)
  (202) 344-4819
  dewilsonjr@venable.com
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601

August 28, 2008                              *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th Day of August 2008, Plaintiffs' Response to Defendants' Response to Minute Order of August 14, 2008, and Motion to Stay Proceedings was served by the Court's ECF filing system on the following:

    Claire Whitaker
    Assistant United States Attorney
    United States Attorneys Office
    Civil Division
    555 4th Street, N.W., Room E-4204
    Washington, D.C. 20530
    (202) 514-7137
    claire.whitaker@usdoj.gov

    Reginald Rowan
    reginald.rowan@usdoj.gov

    /s/ Ronald M. Jacobs
    Ronald M. Jacobs