UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DANIEL F. HO, et al.,**<br><br>    **Plaintiffs,**<br><br>    **v.**<br><br>**STUDENT EXCHANGE VISITOR PROGRAM, et al.,**<br><br>    **Defendants.** | Civil Action No. 08-0757 (JDB) |

## ORDER

    This matter comes before the Court on [16] defendants' motion to dismiss the case as moot. The relief requested by the complaint -- the vacatur of defendant Student Exchange Visitor Program's ("SEVP") decision approving Fay Avery as Principal Designated School Official ("PDSO") for the University of Northern Virginia ("UNVA") and the designation of plaintiff Daniel Ho as PDSO -- has already come to pass due to developments in the parallel state court proceedings, see Univ. N. Va., Inc. v. Avery, No. 2008-5145 (Va. Cir. Ct. June 13, 2006). Thus, defendants argue, there is no remaining live controversy for this Court to adjudicate. Plaintiffs, however, take issue with that contention. They fear that UNVA may be subjected to future adverse agency action, including the possible revocation of UNVA's authority to accept foreign students, based on Mr. Avery's actions during his tenure as PDSO. Because plaintiffs contend that SEVP's decision to appoint Mr. Avery as PDSO in the first instance was unlawful, they ask this Court to vacate that decision in order to invalidate any subsequent actions taken by Mr. Avery.

    Putting aside the question of whether vacating SEVP's initial decision would actually render

all of Mr. Avery's decisions void in any event, the Court concludes that there is presently no live controversy that warrants judicial action. Due to developments in the parallel proceeding, plaintiffs have already received all of the relief that they requested from this Court in their complaint. Any conceivable harm resulting from potential agency action at some unspecified time in the future is too speculative to merit the vacatur remedy that plaintiffs seek now. See Clarke v. United States, 915 F.2d 699, 701 (D.C. Cir. 1990) ("Even where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.") (internal quotation omitted). Hence, defendants' [16] motion to dismiss as moot is hereby **GRANTED** and this case is accordingly **DISMISSED**. All other pending motions are denied as moot.

    **SO ORDERED**.

/s/<br>JOHN D. BATES<br>United States District Judge

Date: August 29, 2008